# Evans *v.* Savannah & Western Railway Co.

*Action for Damages caused by Railway Embankment.*

1. *Railroad embankment as nuisance.*—An embankment constructed by a railroad company with proper care and skill, after it has complied with statutory provisions, and has obtained the right of way through the lands, is not a nuisance; but, if it is constructed along a highway, not within the corporate limits of any city or town, and which has not been declared a public road by the County Commissioner, but in which private rights or interests have been acquired by individuals, it is unlawful as to them, unless their consent is first obtained, and may be a nuisance.

2. *Dedication of land as street, or highway.*—When the owner of a tract of land lays it off into lots or blocks, setting apart certain portions as streets, with a view of establishing a town, a subsequent sale and conveyance of lots abutting on the street, as shown by a map which is referred to, is a complete and irrevocable dedication of it to the use of the purchasers and the public, and the grantor can not afterwards impose on the land an additional, inconsistent servitude; but, if lots are sold with reference to a map on which are marked lines showing a reservation of a part of the street for railroad purposes, the purchaser buys subject to this reservation, and his title as owner of the ultimate fee to the center of the street is subordinate to the reserved right.

3. *Compensation for injuries caused by railroad embankment, under constitutional provision; assignment thereof.*—Under constitutional provisions, a railway company is bound to make just compensation to the owner of property attingent to its right of way, for injuries caused by the construction of an embankment; but the right to compensation accrues to the owner of the property at the time the embankment is constructed, and does not pass by his deed to a subsequent grantee of the land.

[Evans v. Savannah & Western Railway Co.]

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES B. HEAD.

WEBB & TILLMAN, for appellant.—(1.) Twenty-ninth street was a public highway, dedicated to the use of the public by the acts of the original owner, the Elyton Land Company; which dedication enured to the benefit of the plaintiff when he acquired one of the lots by purchase, and left in said company no right to impose an additional servitude on the land. *Rowan v. Portland,* 8 B. Monroe, 232; *McCall v. Davis,* 94 Amer. Dec. 95; 5 Amer. & En. Encyc. Law, 405, note; *Birmingham v. Anderson,* 48 Penn. St. 253; *Trutt v. Sprotts* 87 Penn. St. 339; 111 Penn. St. 565; 5 Atl. Rep. 430; 5 S. W. Rep. 350; 6 N. E. Rep. 866; 2 Dill. Mun. Corp., §§ 503, 640; 86 Amer. Dec. 744, 750, note.  (2.) The embankment erected by the defendant along this highway is a nuisance.—2 Dill. Mun. Corp. 660, note 4; *Demopolis v. Webb,* 87 Ala. 659; *Railroad Co. v. Witherow,* 82 Ala. 190; 23 Amer. & E. R. R. Cases, 3.  (3.) The plaintiff was entitled to recover, in this action, damages for injuries to the property caused by the embankment prior to his purchase.—*Crommelin v. Coxe,* 30 Ala. 318; Cooley on Torts, 612–13; 3 Suth. Damages, 395–98; Bishop on Non-Contract Law, 442, 993; 3 Camp. 398; 6 Gill, Md. 200; 108 U. S. 332.

CHISOLM & WHALEY, *contra.*—(1.) A railroad embankment constructed with proper care, lawful authority having been obtained, is not a nuisance.—*Perry v. N. O. R. R. Co.,* 55 Ala. 421; *Com. v. Erie Railroad,* 27 Penn. St. 339; *Danville R. R. v. Com.,* 73 Penn. St. 29; Rorer on Railroads, 497, 503; Wharton's Crim. Law, §§ 1416-24.  (2.) Here, the defendant had obtained the right of way over the land, and had been organized in compliance with statutory provisions; and it is not disputed that the embankment was constructed with proper care, and in a proper manner.  (3.) If any injury was caused by the embankment to the attingent property, the right of action accrued to the owner of the property at that time, and did not pass by his deed to a subsequent purchaser.—Pierce on Railroads, 209; *Jones v. N. O. R. R. Co.,* 70 Ala. 233; *Drury v. Railroad Co.,* 133 Mass. 167; 78 Penn. St. 365; Mills on Eminent Domain, 66; 3 Suth. Damages, 449; 77 Ill. 275; 70 Ind. 161, or 3 A. & E. R. R. Cases, 201; *R. R. Co. v. Blake,* 24 A. & E. R. R. Cases, 292; 27 *Ib.* 341, 422; 30 *Ib.* 341.

CLOPTON. J.—Appellant sues to recover damages for injuries alleged to have been done to his property by defendant's

[Evans v. Savannah & Western Railway Co.]

construction, operation and maintenance of a railroad track along a public street fronting on his property, designated as Twenty-ninth street. Plaintiff's lot and the adjacent lands were formerly owned by the Elyton Land Company, which company divided the land into lots, and caused two maps to be made—one in 1871, and the other in 1886—showing the various lots, streets and avenues. Upon each of these maps a street was sketched, and designated as Twenty-ninth street. On September 28, 1886, the company sold and conveyed to R. W. Boland a block of land described on the maps as block No. 435, which was bounded on the west by Twenty-ninth street. On October 1, 1886, Boland conveyed to plaintiff an undivided half interest in a part of the block. The railroad track, and the embankment on which it is placed, were constructed by the Columbus & Western Railroad Company in 1887, and completed in October of that year, which company and the Savannah & Western Railroad Company were subsequently consolidated and merged into a single corporation under the name of the latter company. On his title thus acquired, and on the theory that the street had been dedicated to the public use, plaintiff asked the court to instruct the jury, that he had the right in this action to recover the entire damage done to the lot by the embankment, notwithstanding his title may have been acquired since its construction. This charge the court refused to give, and instructed the jury, that plaintiff was not entitled to recover for any damage or injury which may have been done to that part of the lot which was conveyed by the deed of Boland, dated January 1, 1888, by the erection of the embankment prior to that date, or by its subsequent maintenance. These charges present the main and only material questions requiring consideration and decision.

So far as concerns the part of the block to which plaintiff subsequently acquired title, the *gravamen* of the action, the sole ground upon which plaintiff can be entitled to recover damages, is, that the embankment was unlawful, and therefore a nuisance, which defendant had maintained and continued. The complaint does not aver that the work was done in an improper or negligent manner, and the evidence shows that the embankment was constructed with care and skill, and in a manner conforming to the grade of other railroads at crossings on First avenue. A railroad, authorized by law to be built, is not a nuisance, if constructed with proper care and skill, and the right of way is first obtained. Defendant was incorporated under the general laws, and was authorized by its charter to construct a road from Goodwater to Birmingham, Alabama.

[Evans v. Savannah & Western Railway Co.]

Section 21 of Article XIV of the Constitution provides: "Any association or corporation, organized for the purpose, shall have the right to construct and operate a railroad·between any points in this State." The statutes prescribe the mode in which corporations for the construction of railroads shall be formed. They require that the terminal, and such other points along the line of the proposed railroad as may be deemed proper, shall be set forth in the written declaration required to be filed with the Secretary of State. They invest such corporation with power to acquire and hold by gift or purchase, or by condemnation in the mode prescribed by law, such lands as may be necessary for a way and right of way, not exceeding one hundred feet in width throughout the entire length of the road.—Code, §§1573, 1574, 1580.

Twenty-ninth street is not within the corporate limits of any town or city, and has not been declared a public road by the Court of County Commissioners. Hence the cases of the *C. & W. Railway Co. v. Witherow*, 82 Ala. 190, and *Perry v. N. O., M. & C. R. R. Co.*, 55 Ala. 413, are not applicable. The defendant being authorized by its charter, granted in ac-cordance with the statute, to construct a railroad between fixed and terminal points stated in the declaration of incorporation, if, in constructing the road, it becomes necessary to take a part of a highway dedicated to the public use by the original owner, and not within the corporate limits of a town or city, the authority to do so arises from necessary implication.—*M. & G. R. R. Co. v. Ala. Mid. Railway Co.*, 87 Ala. 501. The right of way along Twenty-ninth street was granted to the Columbus & Western Railroad Company by the Elyton Land Company; at what time the bill of exceptions does not state, but certainly before the erection of the embankment in 1887. Defendant obtained the public right by the co-opera-tive effect of the Constitution and the statutes, and the right or interest in the street of the Elyton Land Company by its deed.

It then remains to inquire whether plaintiff, or his grantor, had any right or interest in the street, which it was necessary for defendant to obtain; for, if a railroad is built in a public street or highway, not only must the public right, but also the private rights or interests in the street or highway of individ-uals, be acquired; otherwise, as to them, the railroad is un-lawful, and may be a nuisance. Plaintiff contends, that the Elyton Land Company had dedicated the street to public use, beyond its power of interference, prior to its conveyance of the right of way to the Columbus & Western Railroad Com-pany. This contention is founded on the facts, that the map

of 1871 does not contain any indication that a portion of the street was intended for railroad uses, and that the company had sold lots on other portions of the street, as far back as in 1874. It can not be questioned, that when a land-owner lays out his land into lots, setting apart certain portions as streets, with a view of establishing a town, a sale of the lots, with reference to a map defining and delineating the streets, is a complete dedication to the use of the purchasers and the public. Such dedication, when complete, is irrevocable, and divests the owner of the right to pervert the street from its original purposes, or to impose an additional, inconsistent servitude. But the mere laying out the lots, and making a map showing streets, do not of themselves deprive the owner of the right to use the property as his own. There must be an acceptance of the dedication, of which the sale and purchase of lots is sufficient proof. The sales and conveyances of lots, describing the streets as boundaries, constitute covenants with the purchasers, that the streets are dedicated to their use and the use of the public.—*Rowan v. Town of Portland*, 8 B. Monroe, 232. On this principle rests the legal presumption, that by such conveyance the ultimate fee is vested in the purchaser to the centre of the street, subject only to the public easement. This constructive extension of the title confers on the owner of the abutting property a right to prevent or redress an obstruction or perversion of the street to uses other than those for which it is dedicated; and in such cases a railroad corporation, in order to lawfully acquire the right of way over the street, must obtain the private right or interest of such owner.

The bill of exceptions does not state at what time in 1886 the map of that year was made; but, construing the bill against the party excepting, we must presume it was made before Boland purchased the block, and was the map referred to in the conveyance to him. On this map dotted lines running along Twenty-ninth street are delineated, showing the designation of a portion thereof for railroad purposes. With this exception, the street is designated as it was originally laid out in the map of 1871. According to the map of 1886, the company dedicated the whole street to the width of eighty feet, reserving a right to impose on a portion of it the burden indicated by the dotted lines. In *Ayers v. Penn. R. R. Co.*, 48 N. J. L. 44, the map of the town contained similar indications. It is said: "From all the circumstances, the plain intent was to dedicate to the public use as a highway the whole width of one hundred feet, subject to an easement for railroad purposes over a portion of the center, reserved to, and to be

[Evans v. Savannah & Western Railway Co.]

designated by the grantor. When that portion should be designated and devoted to railroad purposes, the easement of the public highway would be suspended over it, and continued suspended so long as it was devoted to such purposes." The nature of the covenant with Boland as an individual purchaser is, that he should have all the use and benefits of the street as defined and delineated on the map, with reference to which he purchased. The deed to the Columbus & Western Railroad Company, having been made after the previous dedication, must be regarded as made and accepted subject to that dedication.

But this case, as made by the record, does not involve the right and authority of the dedicator to impose additional burdens on the street, as against the purchasers of other lots or the public. The direct question is, what was the nature and extent of the title or interest in the street which passed by the company's conveyance to Boland, plaintiff's grantor. Having purchased with reference to a map, on which were dotted lines showing the reservation of a right to devote a portion of the street to railroad purposes, such reservation is valid and operative as to him, and limits and qualifies the nature and extent of his title to the center of the street—that is in subordination to such reserved right. Until lots were sold, the title to the street resided in the Elyton Land Company; and if the conveyance to the Columbus & Western Railroad Company had been made prior to the sale of any lots, the company having statutory authority to acquire a right of way over the street, would then have lawfully acquired it, and subsequent purchasers could not have complained. Boland having purchased the lot subject to the reserved right to devote a portion to railroad uses, this reserved right was the only private right or interest essential to be obtained by defendant as against him, and being obtained by the deed to the Columbus & Western Railroad Company, the embankment is not a continuing nuisance. Plaintiff's right to recover damages fails, so far as resting on this ground.

But it is insisted, that notwithstanding the Columbus & Western Railroad Company may have lawfully acquired the right of way without taking any part of the right or interest of Boland in the street, the defendant, as its successor, is bound, under the Constitution, to make just compensation for the injury caused to his attingent property by the construction of the embankment, and that the right to the damages passed to the plaintiff by his deed. We so construed the Constitution in the *City Council of Montgomery v. Townsend*, 80 Ala. 489. But the damages accrue to the then owner of the property,

[Birmingham Union Railway Co. v. Smith.]

and are not assignable so as to authorize the transferree to sue in his own name. "The claim for damages, and of title to land, may be distinct. Damages for taking, and the injury to land, belong to the owner at the time of the injury, and do not pass to a subsequent vendee. The owner alone can take advantage of a claim for damages, and if he does not claim, his subsequent vendee can not."—Mills Em. Dom. §66.

Affirmed.

