# Sherer *v.* City of Jasper,

*Tresspass Quare Clausum Fregit.*

1. *Dedication of street by sale of abutting lots with reference to recorded map.*—If the owner of a tract or parcel of land within the corporate limits of a city or town, of which a map has been made and recorded, showing a street running through the land, sell off lots with special reference to the map, this amounts to a dedication of the street, and he can not afterwards claim damages or compensation from the municipality for opening the street.

2. *Dedication as question of fact or law.*—The question of dedication, when dependent upon parol evidence, should be submitted to the jury; but, when it is by reference to a map or plat, or when the facts are undisputed, the court may charge upon the effect of the evidence.

APPEAL from the Circuit Court of Walker.
Tried before the Hon. JAS. B. HEAD.

W. F. APPLING, for appellant.

CLOPTON, J.—The trespass for which appellants sue to recover damages, consisted in opening a street over the land described in the complaint, by the authorities of the city of Jasper. Defendant justifies on the ground, that plaintiffs had dedicated the street to public use. The bill of exceptions not purporting to set out all the evidence, we would indulge the presumption, if necessary, that there was testimony to support

[Sherer v. City of Jasper.]

the affirmative charge given by the court in favor of defendant; but no such presumption need be indulged on this appeal.

The land, contained within the corporate limits of the city, was laids off into blocks and streets, and a map made, showing the blocks, and numbering them, and the intersection of the streets as so laid off, and recorded in the office of the judge of probate in October, 1887. The block comprising the land of plaintiffs was numbered 202, and the street, the opening of which is complained of, designated as 18th street, intersecting blocks 188 and 202. The second section of "An act to provide a charter for the city of Jasper, in Walker county, Alabama," approved February 6, 1889, provides, "that said city shall consist of all the lands, lots and parcels of land, which are included in the present boundaries of the city of Jasper, as incorporated under the general laws on the 10th day of December, 1887."—Acts 1888–9, p. 290. After the blocks were marked and numbered, and the streets designated as stated, and after the map was recorded, plaintiffs sold and conveyed by warranty deeds two lots in block 202, numbered respectively 1 and 10—number 1 to Bessonett, October 9th, 1888, and the other to Davis and another, April, 17th, 1889. In each of the deeds the lot is described by the number of the lot and block "in the plan of the town of Jasper." It thus clearly appears that plaintiffs have sold two lots in conformity and with reference to the recorded map.

The land was laid off into blocks and streets, and the same marked and numbered on the map by the Division Engineer of the Kansas City, Memphis and Birmingham Railroad Company; but, having been adopted by plaintiffs, must be accorded the same effect and operation as if done by themselves, in anticipation of the subsequent incorporation and growth of the city of Jasper. The general rule, that when a land-owner lays off his land into blocks and lots, setting apart and designating certain portions as streets, with a view of establishing a town, a sale of lots with reference to a map defining and delineating the streets is a complete dedication thereof to the use of the purchasers and the public, governs where the proprietor of land sells and conveys lots in conformity and with reference to a city map on which his land is so laid off. Such sales and conveyances are a recognition and adoption of the map, and amount to a dedication of the designated streets to public use, of which the purchase of lots is an acceptance. *Evans v. Sav. & Wes. Railway Co.*, 90 Ala. 54; *Reed v. Mayor & Ald. of Birmingham*, 92 Ala. 339; *Demopolis v. Webb*, 87 Ala. 659; *M. E. Church v. Hoboken*, 33 N. J. L. 13; 5 Am. & Eng. Ency. of Law, 407. It is not necessary that

[Ullman v. Myrick & Bowman.]

the street should be opened at the time of the sale and conveyance. Such dedication, when complete, is irrevocable, and authorizes the municipal authorities, having power under the charter, to open such street, whenever deemed necessary or proper. Such dedication, and its acceptance, vest in the purchaser of lots the right to have the streets referred to in the plan remain public, deprive the owner of the right to obstruct the street, or to pervert it to uses other than those to which it was dedicated, and estop him from demanding compensation for taking it, when the authorities may subsequently determine to open it for public use; it being considered that the owner receives compensation from the enhanced value of his property, and other resultant advantages.—*Montgomery v. Townsend*, 80 Ala. 489. The acts of plaintiffs constitute a complete dedication of the streets. The removal of fences which plaintiffs maintained, inclosing the street, without making compensation, did not constitute an actionable trespass.

Ordinarily, the question of dedication, being one of mixed law and fact, when attempted to be shown by parol evidence, should be submitted to the jury; but, when the facts are undisputed, or the dedication is by reference to a map or plat, the court may properly charge upon the effect of the evidence.

Affirmed.