# Harn *et al. v.* Common Council of Dadeville.

*Bill in Equity to Abate Nuisance in a Public Street.*

1. *Testimony; insufficiently stated in the record.*—Where the references in a bill in equity, in the note of submission, and in the evi-

[Harn et al. v. Common Council of Dadeville.]

dence of witnesses, to material facts show there was testimony which does not appear in the record, and there is not enough legal evidence in the record to sustain the averments of the bill, and to justify the decree granting relief, such decree will be reversed.

2. *Note of submission.*—The note of submission in a chancery cause should not contain the evidence itself, but is evidence of the testimony and pleadings relied on by the parties; that objections to testimony were reserved should also appear in the note of submission in order to show that they have not been waived and to direct the attention of the court thereto.

3. *Dedication by selling town lots according to map.*—Where a person owns land in fee, or the common source of title from whom all parties interested claim, and has the land surveyed into lots, blocks and streets, and a map of it, which he recognizes as being correct, is made with a view of establishing a town, and he sells lots with reference to the map, designating the parcels sold and the streets according to the map, there is an irrevocable dedication of the streets to the public, whether the town at that time was incorporated or not.

4. *Same; rights acquired by town to streets.*—Where a town, after it is surveyed and platted, and its streets are dedicated to the public, becomes incorporated, with full authority to establish and open and maintain the streets, the municipality succeeds to all the rights in trust for the public acquired by such dedication; and as against such municipal right neither nonuser nor the rule of prescription nor the statute of limitations can be invoked.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the common council of the town of Dadeville to compel appellant and others to remove a dwelling house and fence from a public street on the ground that the same were an unlawful obstruction or nuisance. The material facts are contained in the opinion of the court.

JOHN A. TERREL for the appellant.

HENRY A. GARRETT for the appellee.

COLEMAN, J.—The bill was filed by the Common Council of Dadeville, for the purpose of having a dwelling house and fence removed, which the bill avers obstructed and closed up a street of the town of Dadeville, known as Eufaula street. The bill avers, "that the plan of said town was originally laid off about the 28th of April, 1836, . . . and that said plan or diagram as thus laid out showed the different lots, blocks and streets, and was deposited in the probate office at Dadeville." It further avers "that a great many if not all of the lots as originally laid out in the plan, by John H. Broadnax, on the 28th day of April, 1836, were sold off to different parties by lots and blocks as designated

in the survey." It also avers that Eufaula street was one of the original streets as shown by the survey, and that certain lots and blocks adjacent to Eufaula street, were sold and purchased as designated on said map and survey. The general averments of the bill give it equity and are sufficient in all matters sought to be reached by the several grounds of demurrer assigned against it. The bill does not aver when the town of Dadeville was incorporated, neither does it aver except by implication that Eufaula street where obstructed, is within the corporate limits of the town. An act of incorporation may not be necessary, to an absolute dedication to the public, but it should appear that the town has authority to file the present bill. The bill is defective perhaps in not averring with sufficient clearness that John H. Broadnax owned the land, and had authority to make the dedication, but it was not objected to, on this account. The record is imperfect in many respects, and we are satisfied from written arguments of counsel on both sides, and the note of testimony that there was material evidence before the chancellor which does not appear in the record. Objections to interrogatories also appear in the record, but it is impossible to tell which set of interrogatories are referred to, or to which of the witnesses the interrogatories objected to were propounded. The chancellor overruled objection to evidence "filed July 26th, 1892," but there is nothing in the record to indicate the evidence filed of that date. There is in the note of submission a narration of some facts which from the note, we presume were testified to by the probate judge, and also by one H. A. Garrett, and in the note of testimony there are, among others, objections "to a map offered in evidence by complainant," and also an objection to the "oral testimony of J. H. Johnson and the oral testimony of H. A. Garrett." There is no oral testimony of J. H. Johnson, and none of H. A. Garrett in the record. There is no reference to any such testimony in the record other than as referred to in the note of evidence. We suppose such evidence was introduced, but it has been omitted. Where oral evidence is introduced, if before the court, it should be taken down in writing and signed by the witness, and then on appeal recorded in the record as a part of the evidence. The note of submission should not contain the evidence itself, but it is evidence of the testimony and pleadings relied upon by the parties. That objections to evidence were reserved, should also appear in the note of submission, this to show that they have not been waived, and to direct the attention of the court to them.

[Harn et al. v. Common Council of Dadeville.]

The map or plat of the survey referred to in the bill, was not made an exhibit to the bill. It is often referred to by the witnesses, and as we have seen, its introduction was objected to, in the note of submission. There is no map nor any diagram nor drawing, purporting to be a map, diagram or survey, anywhere in the record. The map and proof identifying it is important evidence for complainant. We are satisfied from the argument of counsel that the map was in evidence, but it is omitted, and we are without proof of what it shows. There are no deeds in evidence showing sales of lots and blocks with reference to Eufaula street or the map or survey, referred to in the bill and in the testimony of witnesses. Some of the witnesses were requested to attach certified copies of deeds to their depositions, but none of them complied.

They simply answered that their deeds were of record, and in their testimony referred to the map in the probate office. It was the duty of the complainant to supply the evidence. Reference in argument by one of the counsel, is made to a survey which seems to have been made in the year 1834, but there is no hint of such a survey in the record. These references to material facts which do not appear in the record, more than suffice to show that there is not enough of legal evidence in the record to sustain the averments of the bill and to justify the decree of the chancellor or granting relief. If the parties desire it, much in the way of costs might be saved, by written agreement of counsel as to contents of deeds describing the lots sold, and also in regard to the map. If they can not agree the complainants must make out its case.

The law applying to the question involved in this litigation has been clearly stated and settled in this State. If Broadnax owned the land in fee, or if he owned the common source of title from whom the parties all claim, and had the land surveyed off into lots, and blocks and streets, and a map of the same was made by him or for him, or one that was recognized by him to be correct, with a view of establishing a town, and he sold lots, with reference to the map, or survey, designating the parcel sold, as certain lots or blocks, and designating the streets, according to a certain map or survey, this will be a complete and irrevocable dedication of the streets to the public, whether the town at that time was incorporated or not. And if afterwards the town became an incorporated municipality including within its corporate limits the land thus dedicated, with full authority to establish and open and maintain the streets, the municipality

[Pollak et al. v. McNeil et al.]

succeeded to all the rights in trust for the public, acquired by the dedication. As against such municipal right, non user nor the rule of prescription, nor the statute of limitation can be invoked to prevent its successful assertion. This is the law of this State. The question has been fully considered and we will not repeat the reasons nor attempt to add additional argument. See the following decisions: *Sherer v. The City of Jasper*, 93 Ala. 530; *Evans v. Savannah & W. Ry. Co.*, 90 Ala. 54; *Reed v. Mayor & Aldermen*, 92 Ala. 339; *Webb v. City of Demopolis*, 95 Ala. 116; *Kennedy v. Jones*, 11 Ala. 63; *M E. Church v. Hoboken*, 33 N. J. Law, 13; 5th Amer. & Eng. Encyc. of Law, 406-7, and note; 2 Dillon on Mun. Cor. 3 ed. § 676,

Reversed and remanded.