# Roberts *et al. v.* Mathews.

### *Bill in Equity to abate Public Nuisance.*

1. *Public nuisance; right of private citizen to maintain bill for its abatement.*—The jurisdiction of the court of equity to abate a public nuisance is now well established in our jurisprudence; and a private person can maintain a bill for the abatement of such a nuisance when it is shown that he has suffered therefrom a special injury, which is real and distinct from that suffered by him in common ·with the public at large, and is so continuous in its nature that the legal remedy for damages would be inadequate.

2. *Same; same; case at bar.*—Where, in a bill filed to abate a public nuisance in the obstruction of streets and a public square, it is averred that the complainant is the owner and seized in fee of a certain lot in a town, designated by a given number in a plat or map of said town, and that before said lot or other lots similarly designated on said map were sold, there was a plat made subdividing the lands on which said lot was designated into lots, with streets running between them and with alley-ways, and showing that there was a public square reserved for the use of the public and that by the obstruction of the streets named and by the building of a fence around said public square the value of the complainant's lot was materially decreased and there was special injury to the complainant by reason of the fact that he desired and intended to build a hotel on his lot, and without the free and uninterrupted use of said streets said lot would be practically valueless to him, such averments are sufficient to authorize the maintenance of a bill by the complainant individually.

3. *Highways; dedication of land as street.*—Where the owner of lands lays it off into lots or blocks, setting apart certain portions thereof as streets, with a view of establishing a town, a subsequent sale and conveyance of the lots according to said map or plat constitutes a complete and irrevocable dedication to the public of the streets, alley-ways and public squares shown thereon.

4. *Dedication of streets; right of school commissioners to plat and sell Sixteenth section lands.*—Where, under the authority of the act approved January 15, 1828, school commissioners had

surveyed and platted for the purpose of sale Sixteenth section lands, and lots were sold according to and with reference to the plat of the lands so made, the sale of such lots is an irrevocable dedication to the public of the streets, alley-ways and public squares shown by said plat, and the subsequent obstruction of such streets, alley-ways or public squares, constitutes a public nuisance which can be abated by bill in equity.

APPEAL from the City Court of Talladega, in Equity. Tried before the Hon. G. K. MILLER.

The bill in this case was filed by the appellee, T. J. Mathews, against the appellants, Kate Q. Roberts, Addie McCaa, Josephine M. Keith and J. M. Hendricks.

The complainant, as owner of and who was seized in fee of lot number seven as designated in a plat of section 16, in township 22 and Range —, in Talladega County, Alabama, on the 28th day of October, 1902, filed his original bill in the city court of Talladega, setting up such ownership and alleging that in accordance with an act of the General Assembly of Alabama, authorizing the sales of sixteenth sections, which was approved on the 15th day of January, 1828, and of other acts of the legislature of Alabama, passed subsequent thereto upon the same subject, the School Commissioners of the said section caused it to be surveyed in lots and a fair plat to be made out by the surveyor, a copy of which is made an exhibit and a part of the bill, with the field notes of the surveyor, John McLanahan; that the said survey and plat was made in accordance with the said statutes during the months of August and September, 1834, and that after the lands were so surveyed, laid out and platted, to-wit, in October, 1834, and subsequently lots were sold with reference thereto and that by reason of the said survey and plat made in accordance with the statutes in such cases made and provided, existing at the time, Broad and Cross streets and a public square at their intersection and other streets and alleys shown by said plat, became from that time, continuing to be and still are, public highways over and through which the complainant and the public generally have a right of

uninterrupted passage and for use as such; that said commissioners after the said survey and plat was made, in the performance of their duties as such, proceeded to sell and did sell lots with reference thereto anterior to, to-wit, October 31, 1834, whereby such streets and alleys, if they had not previously become dedicated and created such by reason of such survey and plat, did become such by reason of such sales of lots; that the value of complainant's lot is largely dependent upon the open and unobstructed use of the said Cross street and said Broad street and the square at their intersection; that respondents, Roberts, McCaa, and Keith, as pretended owners, and J. M. Hendricks as their tenant, have obstructed said streets and square by running a fence entirely around the said square, and are attempting to exclude all persons therefrom except such as they may give license to enter thereon, thereby obstructing the said streets and square as to prevent entirely the passage of vehicles and to prevent the convenient passage of foot passengers, and are preventing the free, unimpeded use thereof as a highway to the complainant and the qublic generally, thereby maintaining a nuisance in such obstruction, to the injury of the public generally and to the special injury of the complainant by reason of his ownership of the said lot number 7, whereon he desires and intends to build a public inn to which the public will be invited to resort, of which purpose and intention the respondents are informed and advised, and that said said lot number 7 is practically valueless for said purpose as long as said nuisance caused by the obstruction of the said streets and square is continued; that complainant has requested the respondents to abate said nuisance which they refuse to do, whereby the complainant has suffered and continues to suffer, great damage and injury, which is well known to the respondents.

The bill prays for an abatement of the nuisance caused by such obstructions; for a reference to ascertain the amount of special damage suffered thereby by the complainant; that a personal decree be rendered in his favor for such damage as he has sustained thereby, and for general relief.

[Roberts *et al.* v. Mathews.]

· The respondents moved to dismiss the bill for want of equity and demurred to the same on nineteen several grounds, the substance of such demurrers being that the allegations of fact in the bill do not show that said streets and alleys and square became public highways or dedicated to the public use, or that complainant has any special interest or right authorizing him to maintain the bill.

Upon the submission on motion to dismiss for want of equity and the demurrers, the court rendered a decree overruling the motion to dismiss for want of equity, and overruling the demurrer and each ground thereof. From this decree the respondents appeal, and here assign the same as error.

BLACKWELL & AGEE and KNOX, DIXON & BURR, for appellant.—A bill to abate a public nuisance must be made either by the public authorities in their name or by an adjacent property owner; if by an adjacent owner he must show some special injury.—*Douglass v. City Council of Montgomery,* 118 Ala. 599; *Burnett v. Bragg,* 67 Barb. 164; 2 Dillon on Municipal Corporations, (4 ed.), § 920, note page 1116.

This right of an adjacent property owner to maintain a bill, especially in regard to streets, is based on the fact that he is the owner of the lands to the center of the adjacent streets subject to the public right of use.—*Columbus & Western Railway Co. v. Witherow,* 82 Ala. 190, and cases there cited.

The intention of the owner to dedicate land to the public must be clear and "a dedication or gift of land for public uses can only be made by the owner or proprietor."—*Johnson v. Common Council of Dadeville,* 127 Ala. 244-249; *Hoole v. The Attorney-General,* 22 Ala. 190; 9 Am. & Eng. Ency. of Law, (2d. Ed.), p. 28-36; Elliott on Roads & Streets, p. 105.

The owners of the sixteenth section by an act of Congress of 2d. of March, 1819, are the inhabitants of the several townships. The legal title is in the State in trust for the inhabitants of the respective townships in

which these lands are situated.—*Long & Long v. Brown et al.*, 4 Ala. 622.

A grant of power of the character given to the School Commissioners must be strictly construed.—*Louisville & Nashville Railroad Co. v. Mobile, Jackson & Kansas City Railroad Co.*, 124 Ala. 162; 9 Am. & Eng. Ency. of Law (2d ed.), 36, 38.

· EDMUND H. DRYER, *contra*.—An obstruction of a public highway is a nuisance, which a court of equity will abate. A private person can maintain such bill when he shows special injury. Having assumed jurisdiction to grant relief in such case, a court of equity will retain the bill for awarding complainant damages.—*Whaley v. Wilson*, 112 Ala. 627; 9 Am. & Eng. Enc. of Law, (2d ed.), 63, 64.

A sale of sixteenth section lands pursuant to act of legislature, is valid.—*Long v. Brown*, 4 Ala. 622; *Prudden v. Lindsley*, 29 N. J. Equity, 615; *Cincinnati v. White's Lessee*, 6 Peter's (U. S.) 431. Though no special power be given to have land surveyed into lots "in such manner as they think will command the highest price" an authority given by the government to an officer to sell the lands owned by such government, carries with it the right to survey into town lots and to dedicate streets and alleys, squares and commons, to the public for public uses.—*United States v. Ill. C. R. R. Co.* 154 U. S. 225; *State v. Atherton*, 16 N. H. 214; *Barteau v. West*, 23 Wis. 420.

Where a person plats land and lays off lots according to such plat, he irrevocably dedicates the land designated thereon as streets and alleys, highways, squares and commons to the public for public uses and the statutes of limitation have no application to such lands as are devoted to public use.—*Western Ry. of Ala. v. A. G. T. R. R.*, 96 Ala. 278; *Harn v. Dadeville*, 100 Ala. 202; *Sherrer v. Jasper*, 93 Ala. 530; *Reed v. Mayor and Aldermen of Birmingham*, 92 Ala. 348; *Evans v. S. & W. Ry*, 90 Ala. 54; *City of Demopolis v. Webb*, 87 Ala. 659; s. c. 95 Ala. 116; *Avondale Land Co. v. Avondale*, 111 Ala. 527.

[Roberts *et al.* v. Mathews.]

A sale of one lot is a dedication to the public for all time.—*Western Ry. of Ala. v. A. G. T. R. R.,* 96 Ala. 278.

Courts take judicial notice of all State officers, past and present.—*Whitney v. Jasper Land Co.,* 119 Ala. 502.

DOWDELL, J.—The bill in this case was filed to abate an alleged public nuisance. That courts of equity have jurisdiction in such matters, is a proposition not open to question. The averments of the bill as to ownership and special damage are sufficient to authorize its maintenance by the complainant individually.—*Whaley v. Wilson,* 112 Ala. 627; 9 Am. & Eng. Ency. Law (2nd ed.), pp. 63, 64.

It is well settled by decisions of this court, that where a person plats land and lays off lots according to such plat, and makes sale of one or more of such lots with reference thereto, he irrevocably dedicates the land designated thereon as streets and alleys, highways, squares and commons, to the public, for public uses.—*Western Railway of Ala. v. Ala. Grand Trunk R. Co.,* 96 Ala. 278; *Harn v. Dadeville,* 100 Ala. 202; *Sherer v. Jasper,* 93 Ala. 530; *Reed v. Mayor & Aldermen of Birmingham,* 92 Ala. 348; *Evans v. S. & W. R. R. Co.,* 90 Ala. 54; *City of Demopolis v. Webb,* 87 Ala. 659, s. c. 95 Ala. 116; *Douglass v. Montgomery,* 118 Ala. 607; *Avondale Land Co. v. Avondale,* 111 Ala. 527.

The land in question, which was surveyed and platted, and laid off in lots, was school land, being the 16th section of the township, and was so surveyed and platted for the purpose of sale by the school commissioners in 1834, under the act of January 15th, 1828, and acts amendatory thereof. The contention of the appellants is, that the school commissioners in the survey, platting and sale of said land, were without authority to dedicate any portion of the same to public highways, or other public uses.

The sale of the 16th section by the township trustees or school commissioners pursuant to said act was held valid by this court, in *Long v. Brown,* 4 Ala. 622.

The act of January 15th, 1828, and acts amendatory thereof (see Aiken's Dig., pp. 378-383), gave the town-

[Roberts *et al.* v. Mathews.]

ship trustees, as commissioners, the authority "to cause the sections (16th) so elected to be sold, to be surveyed in such manner as they may think will command the highest price for the same, in lots which will not exceed eighty acres each, and shall cause a fair plat of the same to be made out by the surveyor, and shall fix a maximum price upon such lot or part. * * * * And shall exhibit the same to any person wishing to examine the land before sale and the said plat shall moreover be exhibited to all persons wishing to examine the same on the day of sale." Further provisions are also made relating to the condition of sale as to payment, etc.

The trustees or commissioners were the officers or agents of the State in the sale of the land. It was made their duty to cause the same to be surveyed and platted, and to be laid off in lots in such manner "as they may think" would command the highest price; the limitation in area of the lots being upward, not to exceed eight acres each. In this, they were vested with a discretion, in the exercise of which, however, it was their duty, to so divide the land into lots as to make it command the highest price. If the locality was suitable for a town site, and by a survey, platting, and laying off into town lots, the highest price for the land could thereby be obtained, we think the act not only conferred the authority on the trustees to so lay off the land into lots for sale, but imposed that duty. If they had such authority, then clearly they had the implied power and authority to make each and every lot accessible by a public highway, and to that end to make a dedication of such highways to the public.

By an act of Congress the Fort Dearborn reservation was directed to be sold by the Secretary of War. No special power was given to have the land surveyed into lots in such manner as he might think would command the highest price, as was given to the trustees in the case before us under the act of January 15th, 1828, yet the Secretary directed his surveyors to lay out a portion of the land into town lots and blocks, with streets, highways, alleys, etc: and a plat survey was made and lots

34c

were sold with reference to such survey and plat. The Supreme Court of the United States held the same to be a valid dedication of such streets, alleys, highways, etc. *U. S. v. Ill. Cent. R. R. Co.*, 154 U. S. 225.

Our conclusion is that the respondents' demurrer to the bill was not well taken and the city court properly overruled the same.

*Affirmed.*