# Highland Realty Company *v.* Avondale Land Company.

*To Declare an Attempted Vacation of Streets Null and Void, to Quiet Complainant's Right Therein, and to Enjoin Further Interference.*

(Decided Nov. 23, 1911.   56 South. 716.)

1. *Dedication; Streets; Vacation.*—Under sections 3899-3905, Code 1907, any portion of a plat, including the streets, may be vacated by those owning the lots; but the rights of other landowners not joining are preserved.

2. *Same; Platting Land.*—Where a landowner lays off and plats his land into blocks and lots, setting apart and designating streets with the intention to establish a residential section, and the lots are sold with reference to the platting, there is a complete dedication of the streets to the use both of purchasers and the general public.

3. *Same; Acceptance.*—Where a landowner plats his land into blocks and lots and sells the lots with reference to the same, the

purchase and sale of the lots is a sufficient proof of the acceptance of the dedication of the streets and alleys designated on the plat.

4. *Same: Estoppel; Rights of Purchasers.*—Where land is platted into blocks and lots with streets and cross streets laid out, a sale of the lot gives the purchaser not only the right to use the streets which are appurtenant to his lot, but the right to use and have the general public use all of the streets as laid off in the plats, such right being based upon estoppel by deed rather than dedication.

5. *Same; Rights Acquired; Incorporael Hereditaments.*—Where a part of land is platted into blocks and lots and divided by streets, the right of a purchaser to use the streets and to have the general public use them is an incorporael hereditament appurtenant to his lot, and entitled to protection equally with a corporael hereditament.

6. *Same; Protection in Equity.*—A bill seeking to invalidate the vacation of a street. and to protect the rights of a purchaser of a lot lying in land which has been platted into blocks and lots, divided by streets, which alleges that the defendant had exclusive control over the street, and had appropriated them to its own use, and pursuing a plan to appropriate them, has vacated streets dedicated to the public use, and purposes to vacate all other streets and lay out new ones without providing complainant with any mode of ingress or egress, states a cause of action.

7. *Same.*—Where the owner of land platted and blocked, and in which complainant had bought a lot, sought to vacate the street and deprive complainant of his right of ingress and egress, complainant's remedy at law for damages is not adequate, and equity will intervene to protect him.

8. *Equity; Complete Relief.*—Where lands were platted and laid off into blocks and lots, subdivided by streets, and, after complainant had purchased lots, streets were vacated and complainant filed a bill to have the vacation declared null and void, and cancelled as a cloud on title, both the bill and the prayer referred to the alteration of a plat as a cloud on title, the plat was evidence of complainant's title, and, while not a muniment of title in respondent, which would support an action to cancel it as a cloud on title, complainant was entitled to have the plat corrected as an incident to his suit, in order that complete relief might be accorded him.

9. *Same; Jurisdiction; Incidental Matters.*—Where equity had jurisdiction of the bill to annul the vacation of streets, it would establish them as an incident to the principal relief, even though complainant's right therein had not been established by a suit at law.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Highland Realty Company against the Avondale Land Company, to have the attempted vacation of a plat declared null and void, and cancelled as constituting a cloud on complainant's easement and

right of way, to quiet complainant's right as against the respondent, and to enjoin the respondent from interfering with and exercising any authority over said avenues, streets and alleys. Decree for defendant on demurrer and plaintiff appeals. Reversed, renderd and remanded.

A. C. & H. R. Howze, for appellant. The policy in our state is to make a plat properly acknowledged and recorded operate as a conveyance, and the streets, avenues and alleys are to be held in trust for the usages and purposes intended.—*Town of Avondale v. Avondale L. Co.,* 21 South. 348; *Chambers v. Talladega R. E. L. Assn.,* 28 South. 640; Sec. 6030, Code 1907; 96 U. S. 716; 118 Ill. 60. After being set apart for public use and enjoyed as such and private and individual rights acquired with reference to it, the law considers such a plat in the nature of an estoppel by deed, which precludes the original owners from asserting any rights therein.—1 L. R. A. 857; 13 Nev. 352; 5 S. W. 350. Courts of equity will always intervene to restrain the interference of such rights, and to quiet the use of same. —*Lide v. Hadley,* 36 Ala. 634; *Burden v. Stein,* 27 Ala. 104; *City of Demopolis v. Webb,* 87 Ala. 666; *Cabell v. Williams,* 127 Ala. 327; *Jones v. Bright,* 140 Ala. 268; *Bank v. Tyson,* 32 South. 144. Courts of equity will enforce these estoppels and grant injunctive relief against invasion of such equitale rights.—*Morris v. Tuscaloosa M. Co.,* 83 Ala. 571; *McMahon v. Williams,* 79 Ala. 288; *Whisenant v. Goodson,* 101 Ala. 260; see particularly.— *City v. Scholtz,* 21 La. 463; *Warren v. Lyons,* 22 Ia. 351; *Franklin Cove v. Lathrop,* 9 Kan. 309. The complainant had a perfect right to bring the action.—*Whaley v. Wilson,* 20 South. 922; Pom. Eq. 1349, 50 and 51. The principles contended for here are strongly presented and sustained in the case of *Douglass v. City of Montgomery,* 118 Ala. 599.

R. C. REEDUS, and CABANISS & BOWIE, for appellee. A court of equity will not interpose to prevent or remove a cloud on title which can only be shown to be a good title by leaving complainant's title entirely out of view. The test of a cloud on title is this: Would the complainant in an action of ejectment, founded upon the supposed conveyance, be required to offer evidence to defeat a recovery? And if the action would fall by its own weight, without proof in rebuttal, no occasion exists for the interposition of a court of equity.—*Litle v. Sandefur*, 93 Ala. 396; *Eufaula National Bank v. Pruitt*, 128 Ala. 40; *Taite v. American F. L. M. Co.*, 132 Ala. 193; *Rea v. Longstreet*, 54 Ala. 291; *City of Birmingham v. McCormack*, 40 South. 111.

SOMERVILLE, J.—The bill is filed by appellant, the Highland Realty Company, and shows, in support of its prayer for relief, the following material facts: On January 27, 1888, the respondent, the Avondale Land Company, owned a large tract of land near the city of Birmingham, Ala., and, for the purpose of establishing a town or city, on that day it had this land surveyed, mapped, and platted, and the map, duly certified, adopted, and acknowledged, filed for record in the probate office. This map shows that the tract was laid off into a great number of streets, avenues, alleys, blocks, and lots in an approximately regular way, as numbered and marked on the map. With reference to this map or plat, the Avondale Land Company has sold off lots, and improvements and dwellings have been constructed thereon. Among others, the respondent sold lot 7, in block 55, to A. P. Burns, in October, 1890. This lot fronts 50 feet on Thirteenth Avenue, which is perhaps 1,000 feet in length, and is intersected by 5 cross streets, which furnish outlets from it in various directions.

Complaniant purchased this lot from said A. B. Burns by deed, executed on July 8, 1907, and has since been the owner thereof. On May 1, 1908, respondent and the Fifth Avenue Company jointly filed in the probate office a written instrument, duly acknowledged by their presidents, by which they undertook to vacate and annul portions of said plat, in accordance, as they aver, with section 6032 of the Code, and reciting that they are the owners of all the streets, avenues, and alleys vacated by the instrument. Thereupon, on the same day, the probate judge, in compliance with section 6034 of the Code, indorsed the vacation on the plat, indicating in red ink the portions of the plat declared vacated. These vacated portions include the greater part of the plat, and completely surround complainant's lot, blotting out all connecting streets and avenues, and leaving only a short section of Thirteenth avenue without exit at either end. The tract of land included in the plat does not lie within any incorporated town or city.

The bill of complaint, according to its prayer, has a threefold purpose: (1) to have the attempted vacation of the plat declared null and void, and canceled as constituting a cloud on complainant's easement and right of way over and upon the avenues, streets, and alleys created by said plat; (2) to quiet complainant's right as against the respondent; and (3) to enjoin the rsepondent from interfering with complainant's right to the use and enjoyment thereof. The allegations of the bill are framed with a view to supporting the prayer for these several forms of relief. There is also language in the bill proper, and in the prayer, indicating a notion in the pleader's mind that it might serve the purpose of a bill to quiet title. Respondent demurred to the bill, assigning numerous grounds, and the demurrer as a whole was sustained by the chancel-

lor. From the decree sustaining the demurrer, complainant prosecutes this appeal.

1. With respect to respondent's attempt to vacate the plat, or portions thereof, conceding that the plat conforms to the specifications of the statutes, the case is governed by the provisions of the act of February 28, 1889, appearing as sections 3899-3905, in the Code of 1896. Sections 3902 and 3903 specify the mode in which such a plat may be vacated in whole or in part; and the latter section expressly declares that "such vacation shall not abridge or destroy any of the rights or privileges of other proprietors in such map or plat of land." It is to be inferred from this language that any portion of the plat may be vacated by those who own the lots included therein; and that, as to such portion, including, of course, streets, alleys, and public places, the general public right, and also the rights of those joining in the act of vacation, are fully extinguished. But, on the other hand, the rights of other lot owners, who do not join in the act, are scrupulously preserved, even as to the vacated portions, just as though there had been no vacation at all. No other interpretation is tenable.

The effect of platting land and selling lots with reference thereto has been frequently declared by this court. The general rule is that, when a landowner lays off his land into blocks and lots, setting apart and designating certain portions as streets, with a view to establishing a town, followed by a sale of lots with reference to a map defining and delineating the streets, this is a complete dedication thereof to the use of the purchasers and the general public. And, "such dedication and its acceptance vest in the purchaser of lots the right to have the streets referred to in the plan remain public, and deprive the owner of the right to obstruct

the street, or to pervert it to uses other than those to which it was dedicated."—*Sherer v. City of Jasper,* 93 Ala. 530, 9 South. 584. Such dedication is perfected and made irrevocable by the sale of a single lot. By such a sale, "every line of the survey which served to mark those parts of the site intended to be reserved from sale for the use of the public became unalterably fixed—dedicated to the public for all time."—*Webb v. Demopolis,* 95 Ala. 116, 126, 13 South. 289, 21 L. R. A. 62. So far as the public right is concerned, there must be an acceptance of the dedication, of which, however, the sale and purchase of lots is sufficient proof.—*Evans v. S. & W. Ry. Co.,* 90 Ala. 54, 58, 7 South. 758.

It will be observed that dedication in the manner above discussed creates rights, not only in the general public, but also in every purchaser of a lot within the platted tract. While these private rights, as appurtenant to a thus purchased lot, have been recognized in general terms by decisions of this court, their specific character and precise extent do not seem to have been determined.—See *Sherer v. City of Jasper,* 93 Ala. 531, 9 South. 584; *Reed v. Birmingham,* 92 Ala. 348, 9 South. 161; *Evans v. S. & W. Ry. Co.,* 90 Ala. 58, 7 South. 758.

Without undertaking any extended discussion of the subject, we unqualifiedly approve the reason and justice of the rule as stated by Mr. Elliott: "It is not only those who buy land or lots abutting on a street or road laid out on a map or plat that have a right to insist upon the opening of the street or road; but, where streets and roads are marked on a plat, and lots are bought and sold with reference to the plat or map, all who buy with reference to the general plan or scheme disclosed by the plat or map acquire a right in all the public ways designated thereon, and may enforce

[Highland Realty Company v. Avondale Land Company.]

the dedication. The plan or scheme indicated on the map or plat is regarded as a unity, and it is presumed, as it well may be, that the public ways add value to all the lots embraced in the general scheme or plan. Certainly, as every one knows, lots with convenient cross streets are of more value than those without, and it is fair to presume that the original owner would not have donated land for public ways, unless it gave value to the lots. So, too, it is just to presume that the purchasers paid the added value, and the donor ought not, therefore, to be permitted to take it from them by revoking part of his dedication."—Elliott on Roads and Streets, § 132. Not only is this the rule of reason and justice, but, as shown by the author's citations, it is supported by a great preponderance of authority. A few of the leading cases are *Field v. Barling,* 149 Ill. 556, 37 N. E. 850, 24 L. R. A. 406, 41 Am. St. Rep. 318; *Collins v. Asheville Land Co.,* 128 N. C. 563, 39 S. E. 21, 83 Am. St. Rep. 720; *Cook v. Totten,* 49 W. Va. 177, 38 S. E. 491, 87 Am. St. Rep. 792; *Indianapolis v. Kingsbury,* 101 Ind. 200, 51 Am. Rep. 749; *Meier v. Portland Co.,* 16 Or. 500, 19 Pac. 610, 1 L. R. A. 856; *Lennig v. Ocean City Ass'n,* 41 N. J. Eq. 606, 7 Atl. 491, 56 Am. Rep. 16.

This right is not merely a right of personal passageway over the designated streets, or of access to and from the purchased lot, but is a right in the purchaser to have maintained, as against the dedicator, the designated scheme of public ways and places in its integrity, as it existed at the time of his purchase, and that all persons whatsoever may use them as occasion may require. —*Zearing v. Raber,* 74 Ill. 409; *Earl v. Chicago,* 136 Ill. 285, 26 N. E. 370; *Collins v. Land Co., supra.* The right is wholly distinct from the right of the purchaser as against the public, or the right of the public as

against the dedicator, and is founded on the estoppel of the deed.—*Lennig v. Occan City Ass'n,* 41 N. J. Eq. 608, 7 Atl. 491, 56 Am. Rep. 16; *People v. Reed,* 81 Cal. 70, 22 Pac. 474; 15 Am. St. Rep. 22, 29; *Grogan v. Hayward* (C. C.) 4 Fed. 161, 6 Sawy. 498; *Jackson v. Birmingham F. & M. Co.,* 154 Ala. 470, 45 South. 660; Elliott on Roads and Streets, § 129.

2. It follows that complainant, as owner of a lot sold by respondent with reference to the plat exhibited, has, as against respondent, (1) an easement of access to and from his lot over any of the public ways shown thereon; (2) a right to have the general public, including himself, use any and all of such public ways; and (3) a right in the nature of an easement to perpetually keep open and unimpeded all of the streets and public places indicated on the plat, and to preserve the whole scheme, so far as such streets and public places are concerned, in its original integrity.

3. These rights are incorporeal hereditaments, appurtenant to the lot in question, and are entitled to protection, equally with the corporeal estate, if their use or preservation is materially impaired or threatened.

4. The bill alleges that respondent "has assumed exclusive control and authority over said streets, avenues, and alleys and appropriated them to its own use. And, in pursuance of said plan and for said purpose, it has vacated and annulled a part of its said plat;" and, further, that respondent "has appropriated to its own use the streets, avenues, and alleys which have heretofore been dedicated to the public, and in violation of its said trust has taken possession of the same, and proposes to so attempt to change and alter said streets, avenues, and alleys by adopting new streets, avenues, and alleys, without any regard to the rights of complainant and the other property owners who have bought lots in said

map and plat, and without making any provision what-
ever for any ingress and egress to and from their said
property, and has cut out and is opening other and dif-
ferent streets, avenues, and alleys across and in differ-
ent places on said land, thus entirely changing said
streets, avenues, and alleys." 'These allegations suffi-
ciently show an unlawful disturbance of complainant's
rights as above defined. But, however this may be,
when considered in connection with respondent's at-
tempted vacation of the plat—itself a symbolic closure
of the streets involved—we can see nothing less than a
formed design, ominous of the changes feared, and
prophetic of evil to complainant. Whether the disturb-
ance be partly accomplished or only threatened, there is
equal equity in the bill, and this is in fact its primary
equity.

5. In such a case, it is evident that the remedy at law
for damages is not adequate, and equity will intervene
for the protection of complainant's rights.—*Sloss-Shef-
field Co. v. McLaughlin,* 173 Ala. 76, 55 South. 522; *Av-
ondale Land Co. v. Avondale,* 111 Ala. 523, 529, 21
South. 318; *Douglass v. Montgomery,* 118 Ala. 607, 24
South. 745, 43 L. R. A. 375; *Cabbell v. Williams,* 127
Ala. 327, 28 South. 405; *McMahon v. Williams,* 79 Ala.
288; *Field v. Barling, supra; Lennig v. Ocean City
Ass'n, supra; Cook v. Totten, supra;* 6 Pom. Eq. Jur. §§
550, 551.

6. The demurrer objects to so much of the bill as
seeks to remove a cloud on complainant's title, because,
as alleged, it does not affirmatively appear that there
is such a cloud. The prayer is that the attempted vaca-
tion be declared null and void, and canceled as a cloud
on complainant's title and right, etc. Although the bill
and prayer refer to the unlawful mutilation of the re-
corded plat as a cloud on title, it is quite obvious that

the case is altogether different from the ordinary proceeding to cancel an instrument which purports to vest some interest in another in hostility to the title of the complainant. Unquestionably the validity vel non of the attempted vacation is an issue necessarily involved in the case, and a matter to be adjudicated between the parties. The plat is not a muniment of title in respondent, but rather an evidence of its alienation by him. In fact, it is by reference made a part of complainant's deed, and is therefore a muniment of title and right *in him,* and he has as much right to its preservation and to its integrity as a record as he has to his deed itself. And, while courts of equity might not entertain an independent bill for the sole purpose of annulling and canceling an unauthorized and unlawful alteration of such a recorded instrument, there can be no just reason for refusing such relief as an incident, germane, and appropriate to the main object of the bill. Less than this would scarcely be that complete equity which is the boast of courts of chancery. We are of the opinion, therefore, that there is equity in this part of the prayer, and that this equity is not impaired by its erroneous conjunction with the theory of cloud on title, to which, at most, it only bears some analogy.

7. The demurrer objects, also, to so much of the bill as seeks to quiet complainant's title, because it does not appear that complainant's title has been established at law; nor that it is in the peaceable possession of the land, claiming to own the same, and that its title is denied or disputed by the respondent; nor that no suit is pending to enforce or test the validity of such title. Conceding, for the sake of the argument, that these would be fatal objections to a bill whose sole equity and purpose is to quiet the complainant's title, and, indeed, that the statutory proceeding cannot be adapted to in-

corporeal hereditaments, such as these, nevertheless, having jurisdiction on another distinct ground, a court of chancery will settle all questions of title, so as to do complete justice between the parties.—*Shipman v. Furniss,* 69 Ala. 555, 44 Am. Rep. 528. This ground of demurrer is therefore not well taken.

8. What we have said above disposes also of the various other grounds of demurrer, and condemns them as wanting in merit. Detailed discussion of them is therefore unnecessary.

It results that the decree of the chancery court must be reversed, and a decree here entered, overruling the demurrers to the bill.

Reversed, rendered, and remanded. All the Justices concur.