25 So.2d 162

## SNEAD v. TATUM.

### 7 Div. 817.

Supreme Court of Alabama.

March 7, 1946.

Reed & Reed, of Centre, for appellant.

Irby A. Keener, of Centre, for appellee.

BROWN, Justice.

This appeal is from the final decree enjoining the defendant, appellant here, his agents, successors and assigns from obstructing the street described in the bill "for a uniform width of seventeen feet attingent to and abutting complainant's property." The "unnamed street" in the town of Centre, Cherokee County, Alabama, as shown by the plat or map, is 39 feet in width, lying between blocks E and K, and the site for said county site was laid out and made by a commission named by the state's legislative body in pursuance of Acts of the Senate and House of Representatives of the State of Alabama approved January 15, 1844 (Acts of 1842–46, p. 164) who were authorized to acquire and purchase property as a permanent "county site of Cherokee County", and to sell and dispose of the lots embraced in said plat. See Acts 1842-46, fourth page 165; Acts 1847–50, first page 337; Vol. 1, History of Alabama, Thomas M. Owen, pp. 235, 236.

The general rule is that when the landowner lays off his land in blocks and lots, setting apart and designating certain portions as streets, with a view to establishing a town, followed by a sale of lots with reference to a map defining and delineating the streets, this is a complete dedication thereof to the use of the purchasers and the general public. "Such dedication and its acceptance vest in the purchaser of lots the right to have the street referred to in the plan remain public, deprive the owner of the right to obstruct the street, or to pervert it to uses other than those to which it was dedicated." Sherer v. City of Jasper, 93 Ala. 530, 9 So. 584, 585. Such dedication is perfected and made irrevocable by the sale of a single lot. By such a sale, "every line of the survey which served to mark those parts of the site which were intended to be reserved from sale for the use of the public became unalterably fixed, dedicated to the public for all time." Webb v. City of Demopolis, 95 Ala. 116, 126, 13 So. 289, 292, 21 L.R.A. 62.

Such dedication is irrevocable except by constitutional legislative action or in strict pursuance of constitutional legislatively delegated authority. Highland Realty Co. v. Avondale Land Co., 174 Ala. 326, 56 So. 716. A conveyance of lots embodied in such plat passes to the grantee the fee to the median line of the street encumbered by the easement in favor of the public. Southern Bell Tel. Co. v. Francis, 109 Ala. 224, 19 So. 1, 31 L.R.A. 193, 55 Am.St.Rep. 930; Western Ry. Co. v. Alabama Grand Trunk Ry. Co., 96 Ala. 272, 11 So. 483, 17 L.R.A. 474; Evans v. Savannah & Western Ry. Co., 90 Ala. 54, 7 So. 758; Moore v. Johnston, 87 Ala. 220, 6 So. 50; Columbus & Western Ry. Co. v. Witherow, 82 Ala. 190, 3 So. 23; Perry v. New Orleans, M. & C. R. Co., 55 Ala. 413, 28 Am.Rep. 740.

The fee in the land to the median line of the street or way is appurtenant to the attingent lots along the street and is not subject to alienation apart from such lots after the dedication has become complete. Nor is it subject to vacation by legislative action without just compensation being made or provided. Chichester v. Kroman, 221 Ala. 203, 128 So. 166; Duy v. Alabama Western R. Co., 175 Ala. 162, 57 So. 274, Ann.Cas.1914C, 1119.

The bill alleges and the evidence without dispute shows that the defendant has constructed buildings or permanent structures on the west side of said street at each end of the block extending into the street about eighteen feet. Midway of said blocks between said permanent structures, the street is open to its full width. The complainant owns a lot twenty feet in width facing on Main Street and running back of equal width through said block E to an opened unnamed street lying south and leading east and west. Plaintiff's said twenty foot lot is a part of lots 1 and 8 in block E, attingent to, lying along side of and in juxtaposition with said street.

▆ Defendant owns and is in possession of lots 9 and 10 in block K and claims the legal title to the street and the right to obstruct the same and build thereon. Defendant's claim of title to the street is rested upon a deed made by S. L. Stinson and wife on May 21, 1935, duly recorded, and prior conveyances embracing said street, and an alleged vacation of said street by Stinson, then the owner of the property on each side of the said street, by declaration filed on the 14th of April, 1919, in the office of the Judge of Probate of Cherokee County, supposedly under Section 6032, Code 1907, alleged to have been ratified by the county board some sixteen years later. Said effort to vacate said street was clearly abortive, for the reason that § 6032, Code 1907, only applied to maps and plats authorized to be recorded and which were recorded as provided by statute. Smith v. Birmingham Realty Co., 208 Ala. 114, 94 So. 117. The action of the county board in 1935 was likewise unauthorized. In the interim the rights of the complainant and those under whom he claims have intervened and attached. At the time the instant map was made, there was no statute authorizing or providing for recording such map. Smith v. Birmingham Realty Co., supra.

Speaking of the right of the purchaser of lots in said scheme of dedication, the court in Highland Realty Co. v. Avondale Land Co., 174 Ala. 326, 332, 333, 56 So. 716, 718, observed:

"Without undertaking any extended discussion of the subject, we unqualifiedly approve the reason and justice of the rule as stated by Mr. Elliott: 'It is not only those who buy land or lots abutting on a street or road laid out on a map or plat that have a right to insist upon the opening of the street or road; but, where streets and roads are marked on a plat, and lots are bought and sold with reference to the plat or map, all who buy with reference to the general plan or scheme disclosed by the plat or map acquire a right in all the public ways designated thereon, and may enforce the dedication. The plan or scheme indicated on the map or plat is regarded as a unity, and it is presumed, as it well may be, that the public ways add value to all the lots embraced in the general scheme or plan. Certainly, as every one knows, lots with convenient cross streets are of more value than those without, and it is fair to presume that the original owner would not have donated land for public ways, unless it gave value to the lots. So, too, it is just to presume that the purchasers paid the added value, and the donor ought not, therefore, to be permitted to take it from them by revoking part of his dedication.' Elliott on Roads and Streets, § 132. Not only is this the rule of reason and justice, but, as shown by the author's citations, it is supported by a great preponderance of authority. A few of the leading cases are Field v. Barling, 149 Ill. 556, 37 N.E. 850, 24 L.R.A. 406, 41 Am.St.Rep. 318; Collins v. Asheville Land Co., 128 N.C. 563, 39 S.E. 21, 83 Am.St. Rep. 720 ; Cook v. Totten, 49 W.Va. 177, 38 S.E. 491, 87 Am.St.Rep. 792; * * * Meier v. Portland [Cable Ry.] Co., 16 Or. 500, 19 P. 610, 1 L.R.A. 856; Lennig v. Ocean City Ass'n., 41 N.J.Eq. 606, 7 A. 491, 56 Am.Rep. 16.

"This right is not merely a right of personal passageway over the designated streets, or of access to and from the purchased lot, but is a right in the purchaser to have maintained, as against the dedicator, the designated scheme of public ways and places in its integrity, as it existed at the time of his purchase, and that all persons whatsoever may use them as occasion may require. Zearing v. Raber, 74 Ill. 409; Earll v. [City of] Chicago, 136 Ill. [277], 285, 26 N.E. 370; Collins v. [Asheville] Land Co., supra. * * *"

▆ The appellant's contention, therefore, that the complainant, an attingent property owner, was without right to invoke the jurisdiction of the court to enjoin the obstruction of said street is without merit. Alabama Great Southern R. R. Co. v. Denton, 239 Ala. 301, 195 So. 218; Chichester v. Kroman, 221 Ala. 203, 128 So. 166.

The relief granted was within the scope and purpose of the bill and appellee is not

complaining that his protection was not adequate. We find no error in the record.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.