DUVAL COUNTY, a Public Corporation Under the Laws of the State of Florida, *Plaintiff in Error*, v. WINTHROP BANCROFT, *Defendant in Error*.

Division B.

Opinion filed July 3, 1928.

Petition for rehearing denied September 24, 1928.

*John E. Mathews*, for Plaintiff in Error;

*George C. Bedell* and *Wm. C. Guthrie*, for Defendant in Error.

WHITFIELD, P. J.—This writ of error was taken to a judgment for the plaintiff against the county in an action

of ejectment. The controversy concerns the dedication of a park not within any municipality. It appears that in 1907 a plat of "Lakeside Park" in Duval County, was recorded showing a triangular piece of land numbered 87 and surrounded by streets or roads and marked "Park." In 1908 another plat of Lakeside Park showing the same streets or roads and "Park," was recorded. Lots were sold to homebuilders with reference to the plat. In 1914 still another plat of Lakeside Park was recorded showing the same streets or roads and the same plat of land, numbered 87, but the word "Park" was omitted from the triangle. Such triangular plot was not then platted or otherwise visibly marked or its condition changed. The triangular space was open and was occasionally used by children and others for convenience or pleasure. In 1921 the board of county commissioners of the county adopted a resolution accepting for public purposes several pieces of land including block 87 in Lakeside Park, but providing that the board assumed no responsibility for the streets except those accepted and used as county roads. Subsequently the triangular block 87 was platted and marked with stakes and posted for sale. In 1925 the dedicator executed a deed to the block 87, which was filed for record. The county enclosed the land and otherwise asserted authority therein, hence the action of ejectment.

The plaintiff showed legal title to the block 87 and the Court excluded the defendants' proffer to show the acceptance by the board of county commissioners of the offer to dedicate by filing the plat with plot No. 87 marked "Park," the objections thereto being that the county commissioners had no authority to make the acceptance and that the purported acceptance was partial and qualified. The filing by the dedicator in 1914 of the plat with the word "Park" omitted from the block 87, and the desultory uses of the

block No. 87, by children and others, of the public, were adduced as evidentiary matters tending to show respectively revocation by the dedicator and acceptance by public. See 18 C. J. 95-123. The plaintiff prevailed.

It was material error to exclude evidence of the acceptance of the park by the county commissioners for public use. The qualifications of the acceptance with reference to streets did not affect the acceptance of the park along with other plots in Riverside Park for public purposes. See 18 C. J. 87.

The county commissioners are the general administrative and managing officers of the county who have charge of county matters affecting the public and it is entirely appropriate that they should accept for the county and the public the offered "Park" for public uses. The county commissioners may sue and be sued in the name of the county. See Sections 1475-1493 Rev. Gen. Stats. 1920.

Counties have functions relative to the health, convenience and welfare of the public in the county particularly outside of municipalities; and such county functions may be performed by the county commissioners under their express and implied statutory powers and duties, in the absence of contrary provisions of law. Parks may be appropriate to county government as well as to municipalities. Functions incident to accepting and utilizing dedications of parks for local public purposes may be exercised by the county commissioners under their general express and implied statutory powers and authority as the chief administrative and fiscal officers for the county. See 15 C. J. 456.

Reversed.

TERRELL AND BUFORD, J. J., concur.

STRUM, J., concurs in the opinion and judgment.

Brown, J. (dissenting) :

Parks are often beneficial, especially in cities, but they can hardly be considered as indispensably necessary outside the crowded urban centers of population. It has not been customary for counties to acquire or maintain public parks. Prior to Chap. 10277, effective June 11, 1925, powers to acquire property for park purposes had not been expressly granted to counties, and I do not believe this power existed theretofore by implication as being essential to the exercise of any power which had been granted. Hopkins v. Special Road Dist., 73 Fla. 251; Earle v. Dade County, 109 So. R. 331; 92 Fla. 432; 15 C. J. 531. Therefore the acceptance by resolution in May, 1921, was unauthorized. There was no sufficient proof of acceptance by public user. Hence the revocation of the dedication by deed took place before the offer to dedicate had been lawfully accepted.

Ellis, C. J., concurs.