57 So.2d 550

## SMITH et al. v. DUKE et al.
### 1 Div. 458.

Supreme Court of Alabama.
March 10, 1952.

V. R. Jansen, Mobile, for appellants.

McCorvey, Turner, Rogers, Johnstone & Adams and C. A. L. Johnstone, Jr., all of Mobile, for appellees.

**FOSTER, Justice.**

The question on this appeal relates to the rights of persons in respect to a park area included in a subdivision of land not in a municipal corporation. There was a survey and map made of the area showing streets and residence lots in numbered blocks, which also included areas marked "park". The map was duly certified, acknowledged and filed for record in Mobile County, as provided by section 13, Title 56, Code.

Complainants purchased lots in the subdivision from the owners who had thus mapped and platted the land. Their deeds are with reference to the plat or map. The respondents claim the right to close the park from public use.

Before the map was recorded the owners of the property executed a deed to Mobile County, with the map attached, conveying to the county the parks and other public places. The deed provided that the parks are "conveyed for the free use of the public, subject to such regulations as the party of the second part (Mobile County) may impose, and with the further condition that the said party of the second part will not allow camping in the parks or such use of same as to make them a nuisance." The deed was made to the county in 1922 and recorded before the map was certified and recorded. The county in 1949 decided that it could not comply with the conditions expressed in the grant and for a nominal consideration made a deed to the sole heir and devisee of the original owner. The respondents claim under her, by mesne conveyances, and the power thereby conveyed to close the park area against use by the public.

Specifically, the question is whether those who purchased lots from the owners who made the survey and plat have such a vested right in the area marked streets and parks as that those rights are superior to the power of the county to sell one such area designated as a park so as to justify the purchaser to close it against public use.

There are some established principles of law in connection with that situation which are undisputed, and merely need to be stated here in the nature of preliminary matter. Nothing else being shown, it is unquestionably true that the platting and recording of the plat showing the park area in question and the sale of lots referring to that plat constitute an irrevocable dedication of the area marked "park," except as may be authorized by statute. Avondale Land Co. v. Town of Avondale, 111 Ala. 523, 21 So. 318; City of Florence v. Florence Land & Lumber Co., 204 Ala. 175, 85 So. 516, 517; East Birmingham Realty Co. v. Birmingham Machine & Foundry Co., 160 Ala. 461, 49 So. 448; Highland Realty Co. v. Avondale Land Co., 174 Ala. 326, 56 So. 716; Smith v. Birmingham Realty Co., 208 Ala. 114, 94 So. 117; Town of Leeds v. Sharp, 218 Ala. 403, 118 So. 572; Snead v. Tatum, 247 Ala. 442, 25 So.2d 162; Stringer Realty Co. v. City of Gadsden, Ala. Sup., 53 So.2d 617; Duval County v. Ban-

croft, 96 Fla. 128, 117 So. 799. And such a purchaser acquires a right in the nature of an easement which is an incorporeal hereditament appurtenant to the lot in question. Highland Realty Co. v. Avondale Land Co., supra, 174 Ala. at page 334, 56 So. 716; Smith v. Birmingham Realty Co., supra, 208 Ala. at page 116, 94 So. 117.

Before the plat was filed for record and before any other conveyance was made with respect to such property described by referring to the map, the deed to the county of the property, with the map attached, had been made and delivered by the owners and recorded. While that deed also referred to said map for a description of the property conveyed, it was a conveyance to the county of the park area here involved containing the provision copied above as to its use by the public. With that deed upon record, the map was filed as authorized by the statute, and the owners of the property began to and did sell lots described with reference to it.

The county manifested a purpose to accept the operation of the area as a park by accepting and recording the deed, but was not equipped with the facilities to do so and did very little about it. The evidence is that the county made one or more leases of it, the nature of which is not clearly disclosed. Finally, in 1949, the county board of revenue passed a resolution referring to the fact that the deed in question was based upon a certain condition which the county had not been able to meet and did not intend to try further and, therefore, for a nominal consideration, conveyed the property to one who was the chief beneficiary of the estate of the deceased owner, whose executors and trustees under his will had made the deed to the county and made and recorded the plat. Respondents claim under that deed.

The complainants in this suit contend that by the making of the plat and recording it and executing deeds with reference to it, they acquired an easement or right to the use of the property and also as members of the public for park purposes, and that the respondents are closing it to the public for such purposes without right in law. So that we repeat, the question is,

first, the nature of the right and title which the county received under the deed of 1922, and, second, the effect of that deed upon the equitable principle to which we have referred whereby complainants by reason of their deed were vested, prima facie, with irrevocable rights in the park area.

The conveyance was made to the county prior to the Act of 1939, which has become sections 224–226, Title 12, Code of 1940, giving the several counties in the State the right to receive property for recreational purposes in the county and, therefore, was not controlled by it.

Reference was also made in the pleading to an Act of the Legislature of 1945, which conferred such right upon Mobile County, but no citation was made to that Act: possibly it refers to the Act of July 6, 1945, No. 350, Gen.Acts 1945, page 565. But whatever act may have been passed in that connection, it is not authority for the county to receive the donation of a park for public purposes outside of the municipality in 1922. The general principle, however, is that without express legislative authority a county may acquire land by donation, purchase, dedication and other means not necessary to specify. 20 C.J.S., Counties, § 166, page 995. There is express legislation to that effect in our Code. Section 176, Title 12, Code of 1940; Dover v. State, 45 Ala. 244, 255. And it was so at the time of the execution of said deed to the county.

We think for the reasons stated by the Supreme Court of Florida in Duval County v. Bancroft, supra, a county may, without express legislative authority, accept the dedication of a park shown on a map made and recorded by a property owner whose lots are sold by him with reference to the map. And that such dedication may be embraced in a deed conveying the title of the property to the county. City of Birmingham v. Graham, 202 Ala. 202, 79 So. 574, 575; Douglass v. City Council of Montgomery, 118 Ala. 599, 24 So. 745, 43 L.R.A. 376.

The court of county commissioners (or like governing authority) is given control of all county property, and may direct the disposal of it, such as it can lawfully

dispose of. Section 177, Title 12, Code. But in doing so the county has no right to annul or forfeit a dedication to the public so as to affect the rights of members of the public to the uses so dedicated. City of Bessemer v. Huey, 247 Ala. 12(3), 22 So.2d 325; 3 Dillon on Municipal Corporations (5th ed.) section 1102, page 1758; 14 Am. Jur. 207.

But a county sometimes has the right to convey or lease its properties when they are no longer used for county purposes. Jackson v. Ball, 211 Ala. 273, 100 So. 327; Corning v. Patton, 236 Ala. 354, 182 So. 39; Terrell v. Marion County, 250 Ala. 235, 34 So.2d 160; Board of Review of Etowah County v. Hutchins, 250 Ala. 173, 33 So.2d 737.

There is nothing in those cases to show that the deed to the county provided that the use of the property was for other than general county purposes. They do not show that the deed to the county was made expressly for a specific use by the public, or that the property was otherwise dedicated to the public.

The court of county commissioners in making a sale of the property acted upon the assumption that the provisions of the deed of it to the county contained such a condition as to justify the dedicator to have it annulled on account of a breach of the condition. We think that position is not well taken, and appellant does not so contend. The condition is that the county will not allow any camping in the park or permit it to be a nuisance. There is nothing in the conveyance which indicates that a breach of such condition will operate as a forfeiture, and it cannot be so taken.

This is particularly true when the effort is made to affect the rights which property owners in the area have acquired by reason of the deeds made to them with reference to the map in question.

The breach of a condition subsequent may justify the original owner in making a re-entry and reassertion of whatever right was granted. 26 C.J.S., Dedication, § 60, page 147, note 77; Hooper v. Haas, 332 Ill. 561, 164 N.E. 23, 63 A.L.R. 658. While there may be conditions in a deed of dedication, City of Birmingham v. Graham, supra, a condition subsequent must be clearly and unequivocally shown by it. Lowery v. May, 213 Ala. 66, 104 So. 5. Conditions subsequent are not favored and must be strictly construed. If it is doubtful whether a condition subsequent or a covenant is meant, the latter will be adopted. The use of the word "condition" in a deed is not of controlling effect. Walker v. W. T. Smith Lumber Co., 226 Ala. 65, 145 So. 572; Elyton Land Co. v. South & North Alabama R. R. Co., 100 Ala. 396, 14 So. 207; Seaboard Air Line R. Co. v. Anniston Mfg. Co., 186 Ala. 264, 65 So. 187; 26 C.J.S., Deeds, § 141, page 472.

There was no forfeiture clause in the deed in question on account of a breach. There was no claim made for about twenty-seven years. During all that time the county made no effort to comply with the so-called condition. But if the right to revoke the grant existed in 1949, when the county made the conveyance, it could not affect the rights of those acquired by the purchase of lots with reference to the map by reason of the principles we have declared above. Douglass v. City of Montgomery, supra. The only conveyance the county could make was of the fee, subject to the easements created.

Appellants do not contend that the "condition" expressed in the deed justified a forfeiture of the dedication, but do claim that the county had the right to determine that the park was not useful to the public and that it did not desire to maintain it as such, and that such determination was not reviewable except for fraud or its equivalent.

We think that the contention has been answered by stating that such power on the part of the county does not extend to the right by it to defeat the easement which was created, or a trust for public use.

The decree of the trial court is consistent with the foregoing views and it is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.