67 So.2d 639 (1953)
PASCO COUNTY
v.
JOHNSON et ux.
Supreme Court of Florida. Special Division A.
October 23, 1953.
*640 W. Kenneth Barnes, Dade City, for appellant.
Larkin & Larkin, Dade City, for appellees.
MATHEWS, Justice.
In this case Pasco County filed a bill of complaint for mandatory injunction against certain landowners in Pasco County seeking the removal of barricades placed by the owners across an alleged public county road.
It is alleged in the bill of complaint that at the time the owners (appellees) acquired title there was a "roadway across the said lands" and that soon after they acquired title to the land, the owners "fenced up the said lands and closed the said road." It was then alleged that the road had been used continuously by the county and the general traveling public since approximately the year 1940, and since then had been worked, maintained and kept in repair by the county so that the people could travel freely from State Road No. 35 or Federal Highway No. 301 to get to their places of residence. It was further alleged that the said road has been maintained by the county at least ten years next preceding the filing of the complaint.
As a part of the history of the road, the bill alleges that, while the predecessors in title to the appellees owned the land, there was a meandering road through the property in question. The predecessors in title fenced the old meandering road and laid out a new road or relocated the old road to another position across the property. The predecessors in title not only laid out the new road but recognized the right of the county to maintain the same for the use of the traveling public.
After the lands were purchased by A.V. Johnson and wife, the appellees here, they had the land surveyed and it was determined that the road was located on a part of the lands conveyed to them. The road was there and in use at the time appellees purchased the land. The appellees thereupon erected a barricade and closed the road to the general public. The appellant claims that it had acquired the right to maintain the said road as a county road and to keep it open for use of the citizens and taxpayers as provided for by F.S. Sections 341.59 and 341.66, F.S.A.
A motion to dismiss was filed which was granted by the Chancellor with leave to amend. In due course an amendment to the bill of complaint was filed in which the same facts with reference to the meandering road, the closing of the same and the laying out of the new road or the relocation of the old meandering road were set forth. It was then alleged that prior to the purchase of the land by the appellees, the county entered upon said land and constructed a road by filling the ruts, clearing out of the brush around it and preparing it in proper condition for the traveling public, and that the road had been continuously used by the county and the traveling public since 1940, and that it had been worked, maintained and kept in repair by the county during that time.
A motion to dismiss the amendment to the bill of complaint was filed and in due course was granted by order of the Chancellor, in which he stated:
"2. That in order to avail itself of the four years provision of said Statutes, as against the twenty years adverse possession otherwise provided, it is incumbent upon the County to allege and prove that the road in question was `Constructed' by the County, in addition to its subsequent maintenance and repair for the four year period.
"3. That plaintiff's allegation in the present Amendment to Bill of Complaint that Plaintiff County `* * * constructed said road by the filling of the ruts, *641 cleaning out of the brush around it and preparing it in a proper condition for use by the traveling public * * *' is not a sufficient allegation to meet the requirements of the statutes above cited, for the reason that to `Construct' a thing is to establish, to build or erect it. The allegation of Plaintiff indicates to this Court that the road was originally constructed by someone else, otherwise there would have been no ruts to be filled.
"4. That the maintenance and repair of a road already in existence by the County is not an `Appropriation of lands for road purposes' within the contemplation of a statute that expressly requires that the road be `Constructed' by the County in addition to its maintenance and repair for the four year period."
F.S. Section 341.59, F.S.A., contains the following:
"Whenever any road or portion thereof, heretofore constructed by any of the several counties of this state or by the state road department of Florida, shall have been maintained, kept in repair or worked continuously and uninterruptedly for a period of four years by any such county or by said department, or by either or both, such road shall be deemed to be dedicated to the public to the extent in width which has been actually maintained, kept in repair and worked for the period aforesaid, whether the same has ever been formally established as a public highway or not, and such dedication shall be conclusively presumed to vest in the particular county in which the road is located or situated, if it be a county highway, or in the state road department of Florida, if it be a state road, all right, title, easement and appurtenances therein and thereto being the fee simple title to the extent in width that has been maintained, kept in repair and worked as aforesaid, whether there be any record of conveyance, dedication or appropriation to the public use or not."
F.S. Section 341.66, F.S.A., contains the following:
"(1) Whenever any road, street or portion thereof heretofore or hereafter constructed by any of the several counties or incorporated municipalities of this state or by the state road department, shall have been maintained, kept in repair or worked continuously and uninterruptedly for a period of four years by any such county, municipality or department, or by either or both, such road shall be deemed to be dedicated to the public to the extent in width which has been actually maintained, kept in repair and worked for the period aforesaid, whether or not the same has ever been formally established as a public highway or street, and such dedication shall be conclusively presumed to vest in the particular county in which the road is located or situated, if it be a county highway, or in the particular municipality, if it be a municipal street or road, or in the state road department of Florida, if it be a state road, all right, title, easements and appurtenances therein and thereto being the fee simple title to the extent in width that has been maintained, kept in repair and worked for the period of time as aforesaid, whether there be any record of conveyance, dedication or appropriation to the public use; * * *."
The real question to be determined in this case is whether or not the facts alleged show that the new road laid out or the old road relocated by the owners and the subsequent acts of the County Commissioners as alleged in the bill of complaint, constitute construction within the meaning of the cited statutes.
The predecessors in title to the tract of land in question permitted for awhile a meandering road to exist upon their property.
The word "meander" means "a winding or flexuous course". It is generally more advantageous to the owner of a tract of land such as that involved in this case to have highways over their land run straight and preferably along land lines than it is to have a road meander all over such property. It is also more advantageous *642 to the traveling public in the use of a road and to public authorities in constructing and maintaining a road that such road constitute a straight line. Prior to the closing of the meandering road and the laying out of the new road, there is no allegation that the county had constructed or maintained the meandering road.
Laying out roads across unimproved property is the designation of boundary lines of such roads which, in such natural state, are nothing more than dirt covered by natural growth, including grass, brush, trees and holes, within such boundary lines.
The right of way for the new road or the relocated road had been laid out by the predecessors in title of the appellees. It was there, clearly visible and in use when appellees acquired the land. The existence of such a road is not even a breach of statutory warranty in a deed which has no reservation for the road. Deeb v. Kestner, Fla., 59 So.2d 514; Van Ness v. Royal Phosphate Co., 60 Fla. 284, 53 So. 381, 30 L.R.A.,N.S., 833.
If, prior to the time of the acceptance of such road as laid out by the owners or the acceptance of the offer to dedicate such road, the same should be used by the traveling public, such new road may have ruts in it. In order for a new road to be constructed it is not necessary that the surface be covered by concrete, asphalt or any other such materials. There are hundreds, if not thousands, of roads throughout the State of Florida which are county roads but which are not paved. When a county accepts a road as laid out by the owner or which is offered to be dedicated by the owner in the raw, and then goes in and cleans up the brush, stumps, trees and fills up the holes and ruts of such road so that the same can be usable, such activities on the part of the county constitute construction within the meaning of F.S. Sections 341.59 and 341.66, F.S.A. It is not necessary to push a magic button which will cause every act to construction to be completed at one and the same time. When the offer to dedicate a road is made, a series of acts over a period of time which will develop or construct a road adequate to serve the needs of the community may be sufficient to constitute construction. The purpose of the Act was well stated by the late Justice Davis in the case of Palm Beach County v. South Fla. Conservancy Dist., 126 Fla. 176, 170 So. 630. On page 176 of 126 Fla., on page 632 of 170 So. of the text he said:
"The purpose of the 1935 act was to operate as a statute of repose with respect to the rights of way of roads or portions thereof that had theretofore been constructed by road building authorities of the several counties and of the state itself under circumstances of irregularity in the acquirement of title to the rights of way wherever existing roads had been constructed and were being used. * *"
In addition to the sections of the statute above quoted, this Court has repeatedly held that a public highway may be established by an offer to dedicate and acceptance of such offer prior to revocation. Daugherty v. Latham, 139 Fla. 477, 190 So. 742.
The acceptance of an offer by the owner to dedicate a strip of land for a public highway may be accepted by the county commissioners as the chief administrative officers for the county. When the alleged facts set forth in the bill of complaint show an offer to dedicate by the owner, and acceptance thereof by the county commissioners prior to revocation of such offer to dedicate, there is equity in the bill of complaint which requires an answer and the case would then become one of proof or evidence. Duval County v. Bancroft, 96 Fla. 128, 117 So. 799; City of Miami v. Florida East Coast R. Co., 79 Fla. 539, 84 So. 726; City of Miami Beach v. Miami Beach Improvement Company, 153 Fla. 107, 14 So.2d 172.
It was error to grant the motion to dismiss the bill of complaint as amended. The order or decree appealed from should *643 be revoked and set aside and the motion to dismiss the bill of complaint as amended should be denied.
Reversed, with direction to the Chancellor to proceed further in accordance with this opinion.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.