CROSBY, Associate Justice.
In this case Dade County appeals from a decree of the Circuit Court granting each appellee’s motion to dismiss a complaint in which appellant sought a decree declaring certain lands to be under its sole and complete control for highway purposes and ordering appellees to remove from these lands alleged obstructions consisting of concrete “mushrooms” or “buttons.” The question for determination is whether the allegations of the complaint are sufficient to invoke the aid of a court of equity.
The complaint alleges that on November 25, 1916, a plat of Larkin County Club Subdivision was recorded among the public records of Dade County and that, by filing this plat, the owner of the subdivision dedicated for use as a public highway a 25-foot strip of land along its northern boundary designated as Ingraham Highway. In 1921 subsequent owners of the subdivided lands filed a plat of High Pines subdivision, including the land in dispute and increasing the strip designated as Ingraham Highway to a width of 33 feet. Both the 25-foot strip and the 33-foot strip are alleged to have been accepted by public user as a public highway. In 1924 a still later owner of the subdivided property filed an amended plat of High Pines, which plat, the complaint alleges, contains a dedication of streets “similar” to that in the preceding plat. In actual fact, this third plat, which like all other plats mentioned is attached to and made a part- of the complaint, differs from the preceding one in that it divides the a^ea previously shown as Ingraham Highway into three , strips of undesignated width. The outermost strip is a shaded area designated as Ingraham Highway. The middle strip and that immediately adjoining the lots owned by ap-pellees are not identified as to purpose or in any other Way.' A second amended plat of High''Pines Subdivision filed later in 1924 -shows the' same three strips except that the shádéd portion is designated as Dixie Highway and the overall width of the three strips is indicated to be 33 feet. In 1930' a revised plat of the second amended plat of High Pines was filed. On this latest plat all of the 33-foot strip along the northern boundary is designated as Sunset (Dixie) Road (Highway), with no division into narrower strips. This revised plat is, however, material only to the east-100 feet (Lots 1 and 2, Block 8) of the land owned by the appellee Arden Hayes Thomas, since all other lots owned by appellees are expressly excluded from the plat. The property owned by appellees fronts on what is now Sunset Drive (formerly known as Ingraham Highway and later as Dixie Highway). According to- the complaint the present right-of-way of Sunset Drive is 83 feet, the north 50 feet having been dedicated in an adjoining subdivision; and the full 83-foot right-of-way has been used by the public from the dates of dedication and is now under the sole and complete control of Dade County for highway purposes. Sunset Drive is paved to a width of approximately 41 feet. Between the pavement and the north line of appellees’ property is a grassy parkway and a public sidewalk. The defendants have placed on the right-of-way opposite their property, close to or adjoining the paved portion, numerous concrete “buttons” or “mushrooms,” for the purpose of preventing the driving or parking of automobiles upon that part of the right-of-way between the pavement and the sidewalk, and have refused to remove them, although requested *318 to do so. The complaint- concludes with allegations that the' increase in traffic and necessity for additional parking areas require the removal of the concrete buttons and that placing and maintaining them on the right-of-way amounts to disturbing or obstructing the right-of-way.
.To this complaint each of the appellees filed a motion to dismiss, and the chancellor granted these motions. While the ultimate question upon appeal from such a decree is whether the complaint sets forth grounds for equitable relief, in this case the question, in elaborated form, is: Does the complaint sufficiently allege a dedication of the disputed land for public highway purposes and an unwarranted obstruction by the defendants so as to justify intervention by a court of equity?
Appellees contend that the land in dispute is shown by the complaint to have been dedicated, not as a public highway, but as a parkway; that appellant is actually trying to extend the boundary of the highway; and that appellant’s proper remedy is a proceeding in ejectment or eminent domain, and not a suit for declaratory decree or mandatory injunction. Appellant, on the other hand, contends that the complaint shows a dedication of the disputed land for public highway purposes; its use as a public highway for more than twenty years; obstruction of the right-of-way in violation of Section 1, Chapter 28775, Laws of Florida 1953; and a right to a mandatory injunction to compel the removal of the\ obstruction as provided in Section 3 of that statute.
 While we have detailed at length the allegations of the complaint, we think it unnecessary to enter upon an extended discussion of the matters urged by the contending parties. We agree with appellees that facts shown in the plats annexed to the complaint must be considered along with the allegations in the complaint upon a motion to dismiss. Florida Rules of Civil Procedure, Rule 1.10, 30 F.S.A. We do not agree that these plats affirmatively show a dedication of the strip between the pavement and sidewalk as a parkway; nor do we agree that the plats necessarily contradict the allegations in the complaint that the entire 33-foot strip was dedicated as a public highway. The first two and the last of the plats mentioned above designate the entire area between appellees’ lot lines and the northern line of the subdivision as a street or highway. The third and fourth plats divide this same area into three strips but do not show either the purpose or the width of the two strips nearest appellees’ property lines. We cannot infer from these equivocal markings on the third and fourth plats an intention to modify the character of the dedication clearly intended in the earlier plats, even if such a modification were still within the power of those who subscribed to the plats. Beyond this, it appears from an occupation survey also annexed to the complaint that nearly all the concrete buttons complained of are 5.0 to 6.3 feet distant from the north line of the subdivision and only 3.8 to 4 feet from the paved portion of Sunset Drive. Although, as indicated above, the third and fourth plats do not show the width of the area that appellees recognize to be dedicated for highway purposes, it is not unlikely that these buttons are actually within the acknowledged street area and not within the supposed “parkway” area.
Appellees contend that the complaint shows nothing more than a common law dedication, to support which both dedication (or, more properly, an offer to dedicate) and acceptance by user must he established. Accepting this theory of the case (the Plat Act of 1925, Florida Laws 1925, Chapter 10275, now F.S.1955, Chapter 177, F.S.A., had not been enacted when the first four plats were filed), we have determined that the complaint and accompanying exhibits do sufficiently show an intent on the part of the subdividers to dedicate the entire 33-foot strip as a pub- *319 lie highway. Turning to the question of user, we find in the complaint the following:
“The said right of way heretofore dedicated as aforesaid to the extent of 83 feet has been used by the public from the dates on which the said dedications were made, and said right of way to the full width of 83 feet is now under the sole and-complete control of Dade County for highway purposes. Concrete sidewalks have been constructed and are in daily use by the public on both sides of Sunset Drive along and opposite the property of the defendants. Sunset Drive is paved to a width of approximately 41 feet in front of the property of the defendants and there exists a grass parkway between the sidewalk in front of and adjoining the property of the defendants and the paved portion of Sunset Drive.”
This is the only place where the term “parkway” is found in the complaint or the annexed exhibits. Appellees apparently have interpreted the quoted portion of the complaint as negating the use of the grass strip or parkway as a part of the public highway. We do not so construe it. It is common knowledge that modern highway rights-of-way are not confined to the pavement on which vehicles actually travel. Additional land may be and often is included for sidewalks, drainage, separation of traffic, future expansion and other purposes. See Dickson v. St. Lucie County, Fla., 67 So.2d 662. Use of a portion of the highway right-of-way as a “grass parkway” is not incompatible with a dedication and user of the whole for highway purposes. At other places the complaint alleges use of the original 25-foot strip as a public highway for more than 20 years and use of the 33-foot strip for-highway purposes since the filing of the second plat in 1921. Taken together, these allegations adequately aver use of the entire area in controversy as a public highway. See Kirkland v. City of Tampa, 1918, 75 Fla. 271, 78 So. 17, for a collection of cases antedating the Plat Act of 1925. '
Appellees next contend that the appropriate remedy in this case is an action in ejectment. To support its prayer for a mandatory injunction, appellant relies upon Chapter 28775, Laws of Florida 1953, which, after prohibiting the obstruction of any public road right-of-way, provides :
“ * * * the authorities having charge of maintenance of any such road * * * shall' have the right to a mandatory injunction to compel any such person, firm or corporation to remove from the right of way of any such road * * * any of the things referred to in Section 2 of this Act and that such person, firm or corporation may have placed therein without prior authority * *
The application of this statute to the situation posited by the complaint is obvious. The power of the Legislature to provide such a remedy is not questioned. We conclude that the complaint states a claim for equitable relief under the statute and that the defendant should be required to answer. It' is therefore unnecessary to determine whether the complaint is sufficient on other grounds advanced by .appellant.
Much of the argument advanced by ap-pellees involves mátters of ' proof ' and; should properly be asserted in their answer. The efficacy of these matters we do-not here decide. We likewise do not decide whether, in the absence of the statute quoted above, the complaint would sustain a suit for declaratory decree.
The complaint sufficiently states a claim, for injunctive relief and the decree appealed from is therefore reversed and remanded for further proceedings consonant with this opinion.
DREW, C. J., and ROBERTS and O’CONNELL, JJ., concur.