STURGIS, Judge.
The State Road Department, plaintiff below, filed its complaint in equity seeking a mandatory injunction requiring the defendants to remove certain unspecified property owned by them from the right of way of a public road in course of construction and improvement by the plaintiff, being a project in which the federal government is participating to the extent of 50% of the cost. On motion of defendants the trial court entered an order dismissing the complaint for failure to state a cause of action and plaintiff appeals.
We feel compelled to comment on the inadequacy of the briefs in this cause. That part of appellant’s brief devoted to “Argument” is limited to a citation of several authorities supporting the elemental propositions that in passing on such motion all well-pleaded allegations of ultimate fact are to be treated as true, that unlawful obstruction of a public highway may be enjoined where relief at law is inadequate, and that a complaint is sufficient if its well-pleaded allegations adequately inform the defendant of the nature of a cause of action falling within the jurisdiction of the court, followed by the assertion of the briefer that the complaint “is deemed to sufficiently allege a cause of action against the defendant.” With that polemic there is left to the doubtful ingenuity of this court the problem of penetrating the veil of an unusual galaxy of vague intendments and inferences indulged by that pleading, as well as to make an independent research to discover whether legal precedent supports the sufficiency that appellant so confidently ascribes to it.
We derive no greater comfort from ap-pellees’ brief which is devoid of a single citation of authority. The sum and substance of its 12-line dissertation, captioned “Argument”, is that the statement of facts contained therein “include adequate grounds for this court to sustain the lower court.” However, our examination of that phase of appellees’ brief reveals that in the main it *475 is a rehash of things that are said to have occurred in the course of an eminent domain proceeding that has no connection with the issue on appeal, and we find that the appendix to that brief is also burdened with excerpts from that separate and irrelevant suit in eminent domain.
The purpose and importance of briefs on appeal and the set-up and structure of their composition is too well known to require discussion. This court is entitled to proper criticism for having heretofore failed to take appropriate steps to guard against the submission of faulty briefs. We must not, however, tolerate a continuation of that fault. It is axiomatic that a case worthy of appeal deserves efficient and effective presentation. It will hereafter be our policy to return under appropriate penalties and directions those briefs which fail to measure up to minimum standards.
The sole point for determination on this appeal is the sufficiency of the complaint as tested by the motion to dismiss. It alleges in substance: That the State Road Department is the owner of described real property upon which the defendants are trespassing by the maintenance thereon of improvements that encroach upon the right of way of a public road in process of construction by plaintiff; that the encroachments hinder the progress and prevent the completion of the work upon said road; that defendants have been requested but refuse to remove the encroachments; that the construction project is one in which the federal government is participating to the extent of 50% of the cost; that the encroachments prohibit a contractor, engaged to construct the road, from leveling, grading and landscaping that portion upon which the encroachments are located; that unless this work is completed prior to acceptance of the construction contract by the State Road Department, the contractor will be released from the performance of that part of the work, with the result that at a later date the State Road Department will be called on to incur the additional expense of performing it; and finally, that unless the encroachments are removed prior to acceptance of the contract in progress, the State Road Department will be called on to bear the total cost of the project because the federal government’s participation will be withdrawn. Upon these facts plaintiff alleges that it will suffer irreparable injury unless defendants are mandatorily enjoined to remove the encroachments.
One of the obscurities of the complaint is its failure to state the nature of the alleged encroachments, what use if any is made of them by the defendants, or the length of time they have existed on plaintiff’s land, particularly in point of the time plaintiff acquired title. This omission, however, is not regarded as sufficient to destroy the efficacy of the complaint to state a cause of action. The defendants obviously have knowledge of most of these matters. Corrective pleadings and other pretrial procedures are available to supply the remainder, if necessary to the defense.
Although ineptly framed and stingy of allegations of fact to a fault that requires indulgence, we conclude that the complaint does nevertheless contain allegations sufficient to state a cause of action for injunctive relief of the character involved by this suit and to withstand the assault of the motion to dismiss. The relief contemplated should be readily available where the public right or injury to many is concerned, and is to be distinguished from those cases where injunctive relief may be deferred without undue hardship pending the result of an action at law. Such considerations drive to the very heart of the inherent power of courts of equity to provide the type of relief here sought.
 It is well settled that injunction ordinarily lies at the suit of the proper public authorities to compel the removal or abatement of an obstruction, encroachment or nuisance upon a public road right of way. 25 Am.Jur., Highways § 324; Annotations: 40 A.L.R. 1169, s. 91 A.L.R. 322; 65 A.L.R. 699; 6 L.R.A. 161; 8 L.R.A. 831; *476 39 L.R.A. 650; 41 L.R.A. 328; 42 L.R.A. 814; 7 L.R.A.,N.S., 72; 12 Eng.Rul.Cas. 569. The public is entitled to the speediest and most effectual way to prevent the invasion of its rights, and where the obstruction is itself an invasion of the public highway it is not necessary that the fact that it is a nuisance per se be established at law preliminary to the jurisdiction by injunction. Smith v. McDowell, 148 Ill. 51, 35 N.E. 141, 22 L.R.A. 393. These general principles are followed in Pasco County v. Johnson, Fla., 67 So.2d 639, reversing the trial court’s dismissal of a complaint for mandatory injunction against landowners who had barricaded an alleged public road, and in Dade County v. Harris, Fla., 90 So.2d 316, which also reversed a decree granting defendants’ motion to dismiss a complaint for a mandatory injunction to remove from lands held for highway purposes obstructions consisting of concrete “mushrooms” or “buttons”. While the latter case involved a population act applicable only to Dade County, conferring specific authority upon officials having charge of maintenance of roads to compel by mandatory injunction the removal of encroachments from the right of way, this provision only reaffirms the inherent power of courts of equity to grant such relief upon a proper showing of inadequacy of relief at law.
Appellees argue that they are entitled to a trial by jury. Our conclusions do not preclude that possibility, depending on the future pleadings. It is fundamental that we do not hereby predetermine any questions of proof or procedure that may be raised by the pleadings yet to be filed or future proceedings in this cause.
The order dismissing the complaint is vacated and this cause is remanded for proceedings consistent herewith.
Reversed and remanded.
CARROLL, DONALD, J., concurs.
WIGGINTON, Chief Judge, dissents.