WIGGINTON, Chief Judge
(dissenting).
I regret my inability to agree with the majority that the complaint filed in this case alleges facts entitling plaintiff to the mandatory injunction prayed for.
The salient allegations of the complaint are fairly set forth in the majority opinion. In addition, it should be pointed out that the real property alleged to be owned by the plaintiff on which defendants’ encroachments allegedly exist are two parcels of land, one of which consists of ten acres and the other of which consists of that part of a twenty-acre parcel of land lying west of U. S. Highway 41. It is alleged that the plaintiff is in the process of reconstructing a public road in the area of the property described in the complaint, and that improvements owned by defendants which allegedly encroach upon plaintiff’s property are hindering and preventing completion of the road construction. It is prayed that the court grant a mandatory injunction requiring defendants to remove their improvements from plaintiff’s property.
It is my opinion that the rule of law which controls the question of whether the complaint in this case states a cause of action is fully set forth by our Supreme Court in the Johnson case.[1] It was there held that mandatory injunctions are looked upon with disfavor, and the courts are even more reluctant to issue them than prohibitory ones. For most obvious reasons a mandatory injunction should be granted only in situations which so clearly call for it as to make its refusal work real and serious hardship and injustice. The court commented that the remedy of injunction is a drastic one which should be granted only cautiously and sparingly, but never in a case where the plaintiff has an adequate remedy at law. The decision recognizes that an injunction of this character may issue, in proper instances, to require the removal of an encroaching structure. Instances where the remedy will be made available to a complaining party are those *477 in which the encroachment is intentionally committed as by constructing a building without determining the true boundary line during a dispute as to its location and in the face of a warning that the building must be confined within the true boundaries of defendants’ land. Other illustrations of situations in which the issuance of mandatory injunctions have been held to be proper are typified by the cases decided by our Supreme Court on which the majority opinion relies for reversal. In the Pasco County case[2] an adjoining property owner was mandatorily enjoined to remove a barricade placed by him across an existing public road which had been in use for many years prior to the time defendant purchased the adjoining property. Likewise in the Dade County case [3] mandatory injunction was held to be the proper remedy to require an adjoining landowner to remove from an existing road right-of-way concrete “mushrooms” or “buttons” placed thereon by him. In each of the cited cases the encroachment committed by defendants was wilful and intentional, and involved the right-of-way of an existing public road or highway which had been in use by the traveling public for many years prior to the time the defendants acquired an interest in the adjoining property. To the same effect are the remaining authorities cited in the majority opinion. No comparable factual situation is alleged in the complaint which we now review.
The complaint under consideration contains no allegations showing when in the point of time defendants’ improvements were erected which are now claimed to encroach on plaintiff’s property, whether before or after plaintiff acquired title to its adjoining land. There are no allegations to the effect that defendants were careless in determining the true location of their property line before the improvements were erected. The complaint does not charge that the defendants wilfully, maliciously or with full knowledge of the true boundary line erected the improvements which are alleged to constitute the encroachment. Nor does the complaint allege that defendants’ improvements encroach upon an existing public road which has heretofore been in use by the general public.
The only irreparable injury which plaintiff alleges it will suffer unless the relief prayed for is granted is that the contractor employed to construct the new highway will not be able to level, grade and landscape that portion of plaintiff’s property on which defendants’ improvements are located. It affirmatively appears from the complaint itself that plaintiff was derelict in not first determining that it had both title to and possession of the land lying within its proposed road right-of-way before entering into a contract which requires that the full right-of-way be available in order that the contract may be performed. The inconvenience and possible increased cost which now confronts plaintiff is due to its own dereliction, and cannot be considered as sufficient to warrant the drastic remedy of mandatory injunction. It is because of the foregoing insufficiencies that the complaint fails to state a cause of action.
The majority opinion states: “One of the obscurities of the complaint is its failure to state the nature of the alleged encroachments, what use if any is made of them by the defendants, or the length of time they have existed on plaintiff’s land, particularly in point of time plaintiff acquired title. This omission, however, is not regarded as sufficient to destroy the efficacy of the complaint to state a cause of action. The defendants obviously have knowledge of most of these matters. Corrective pleadings and other pretrial procedures are available to supply the remainder, if necessary to the defense.” It is thus seen that while holding the complaint states a cause of action, the majority opinion recognizes that the complaint fails to allege certain stated ultimate facts. By pointing to these facts *478 which are omitted from the complaint, the majority opinion seems to concede that such facts must be established before plaintiff will be entitled to the relief of mandatory injunction. Such conclusion is supported by the rule of law laid down in the Johnson case, supra. Such interpretation of the majority opinion is given support by the remaining quoted language to the effect that such omitted facts may be later developed through pre-trial discovery procedures, and when discovered may be incorporated in the complaint by amendment. If the foregoing interpretation of the majority opinion is correct, the rule of law announced thereby is an anomaly which defies reconciliation with settled principles of law in this jurisdiction. If the complaint states a cause of action as concluded by the majority opinion, it is axiomatic that the relief prayed should be granted upon proof of the ultimate facts alleged in the complaint. No burden rests on plaintiff to prove other facts in addition to those alleged. If, however, there are ultimate facts omitted from the complaint which plaintiff must establish by competent evidence before being entitled to the relief sought as the majority opinion implies, then it cannot be disputed but that the complaint fails to state a cause of action for the relief prayed.
In the ultimate, all the complaint in this case alleges is that plaintiff owns two parcels of property across which it is in the process of constructing a highway, and that improvements owned by defendants encroach over the boundary line onto plaintiff’s land within the right of way of its proposed road. Although requested to do so, defendants have refused to remove their improvements from plaintiff’s property. Under the allegations of the complaint it is apparent that the sole issue consists of a dispute between the parties as to the true location of a-boundary line. Traditionally such disputes are settled only by suits in ejectment where both parties have the opportunity of offering evidence as to the location of the boundary line, and are guaranteed the right to have this dispute resolved on trial by a jury.
For the foregoing reasons it is my view that the chancellor was correct in ordering that the complaint be dismissed.

. Johnson v. Killian, 1946, 157 Fla. 754, 27 So.2d 345.

. Pasco County v. Johnson, Fla.1953, 67 So.2d 639.

. Dade County v. Harris, Fla.1956, 90 So.2d 316.