481 So.2d 362 (1985)
Eugene A. BOWNES
v.
WINSTON COUNTY, a Political Subdivision of the State of Alabama.
No. 84-695.
Supreme Court of Alabama.
November 8, 1985.
Finis E. St. John of St. John & St. John, Cullman, for appellant.
Hobson Manasco, Jr., Haleyville, for appellee.
HOUSTON, Justice.
From a judgment declaring that Winston County Road 12-B is a public road and ordering Dr. Eugene A. Bownes to remove any and all obstructions from that road, Dr. Bownes appeals. We reverse and remand.
On February 28, 1964, a quitclaim deed was given to Leonard Farley (Dr. Bownes's predecessor in title) to "All that part of the old right of way of Arley-Trade Road across the SW of the SW in Section 26, Township 11, Range 6. Said road has now been abandoned and this conveyance is for the purpose of conveying said right of way back to the adjoining landowner."
The grantor in the deed was the "The Board of Revenue of Winston County." *363 The deed was signed by the chairman (Malcolm Clyde Teas) and two members (Erbie E. Stephens and Claude F. Watts) of the Winston County Board of Revenue. Under the signatures was typed "The Winston County Board of Revenue, Governing Body of Winston Co."
The pertinent part of the acknowledgment was: "that Clyde Teas, Chairman, Erbie Stephens and Claude Watts, members, whose names are signed to the foregoing conveyance and who are known to me acknowledged before me on this day that being informed of the contents of the conveyance they executed the same voluntarily on the day the same bears date."
The deed was filed for record and recorded in the Probate Office of Winston County on February 28, 1964.
On March 30, 1982, this suit was filed by "Winston County, a political subdivision of the State of Alabama," alleging in essence that the right-of-way described in the foregoing deed had not been abandoned and had continuously been used as a public road and seeking an injunction to keep Dr. Bownes from placing an obstruction in the form of a gate across this road.
Farley had conveyed to Dr. Bownes and his wife that portion of the SW ¼ of the SW ¼, Section 26, Township 11, Range 6, west of the 510-foot elevation contour line of Lewis Smith Lake by a warranty deed in 1971. The above described right-of-way was not excepted from this conveyance, nor was the conveyance made subject to such right-of-way. In 1975, Farley executed a quitclaim deed to Dr. Bownes and his wife to the exact property which had been quitclaimed to Farley by the quitclaim deed hereinbefore described.
At the time the 1964 quitclaim deed was executed by the Chairman and members of the Board of Revenue of Winston County, Act No. 326, Acts of Alabama 1959, was the local act governing the authority of the Board of Revenue of that county. The pertinent part of this Act provided: "The Board of Revenue shall have and exercise all of the jurisdiction, power, and authority which are now or may hereafter be invested in the Courts of County Commissioners, Boards of Revenue, and other like County Governing Bodies in Alabama." This was subject to certain limitations insofar as construction, maintenance, and repair of roads, bridges, and ferries were concerned.
"The ancient maxim, `once a highway, always a highway,' which has frequently been quoted by the Courts, is subject to the qualification that a highway, once established, continues until it ceases to be such by the action of the general public in no longer traveling upon it, or by action of the public authorities in formally closing it. Accordingly, a highway once in existence is presumed to continue until it ceases to be such, owing to abandonment or some other lawful cause." 39 Am.Jur.2d Highways, Streets and Bridges, § 139 at 512-13 (1968).
In Alabama, public streets, alleys, or highways can be closed and vacated by counties or municipalities in accordance with §§ 23-4-1 through 23-4-6, Code 1975, or by "abutting landowners" in accordance with § 23-4-20, Code 1975. These sections have been expanded by § 11-49-6, Code 1975, (1985 Cum.Supp.) which authorizes the governing body of the governmental entity in which the public way is located to require the landowner who will benefit by the vacation of such public way to pay the fair market value of the land which will be added to the holdings of such landowner.
There is a common law prohibition against the vacation of public ways. Booth v. Montrose Cemetery Association, 387 So.2d 774 (Ala.1980). Therefore, the vacation statutes are in derogation of the common law prohibition against the vacation of public ways and must be strictly construed. Gwin v. Bristol Steel & Iron Works, Inc., 366 So.2d 692 (Ala.1978).
Section 11-14-2, Code 1975, does not give to the county commission an additional method of vacating streets, alleys, or highways. Smith v. Duke, 257 Ala. 86, 57 So.2d 550 (1952). It provides only that the county commission may "direct the disposal of any real property which can be lawfully *364 disposed of." Streets, alleys, and highways cannot be lawfully disposed of unless they are closed or vacated in accordance with the vacation statutes previously cited.
A public way or easement of passage which the public has in respect to a highway may be abandoned and thus lose its public character in one of two ways. Non-use for a period of 20 years will operate as a discontinuance of a public road. Likewise, there can be an abandonment by non-use for a period short of the time of prescription when there has been the construction of a new highway replacing an old road. Floyd v. Industrial Development Board of Dothan, 442 So.2d 927 (Ala.1983).
This case was submitted to the trial court without an evidentiary hearing, but on trial briefs which contain some facts which were agreed to by the parties and some facts which were in dispute. Where the evidence is stipulated, and no testimony is presented orally before the trial court, this Court will review without any presumption in favor of the trial court's findings and sit in judgment on the evidence. Perdue v. Roberts, 294 Ala. 194, 314 So.2d 280 (1975); Sheehan v. Liberty Mutual Fire Insurance Co., 288 Ala. 137, 258 So.2d 719 (1972).
The 1964 quitclaim deed from the Board of Revenue of Winston County to Leonard Farley, which was submitted by Dr. Bownes, established that the Arley-Trade Road (Winston County Road 12-B) was, at one time, a public road. Although he introduced no evidence tending to show that the County Commission complied with the statutory method of vacation, the 1964 deed did contain an acknowledgment by the Board of Revenue that "Said road has now been abandoned." The County merely argued in its trial brief, without supporting evidence, that the road in question had not been abandoned. Therefore, we hold that the evidence which was stipulated to by the parties (i.e., the quitclaim deeds from the Board of Revenue of Winston County to Leonard Farley and from Farley to Dr. Bownes) fails to support the material allegations upon which the suit is based.
The judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
FAULKNER, JONES, SHORES and BEATTY, JJ., concur.
TORBERT, C.J., and MADDOX and ALMON, JJ., dissent.
TORBERT, Chief Justice (dissenting).
Winston County brought suit to enjoin Bownes from obstructing what was conceded to have been a public road. This is not a declaratory judgment action to determine if in fact the road in question was a public road. Bownes contends that while the road may have been public at one time it is no longer a public road. It is clear that the statutory prerequisites for vacation of a public way have not been met. The only question is whether the public way has lost its public character because of abandonment.
In Floyd v. Industrial Development Bd. of Dothan, 442 So.2d 927 (Ala.1983), and Purvis v. Busey, 260 Ala. 373, 71 So.2d 18 (1954), the Court was confronted with factually similar cases. In each case a public road was alleged to have been obstructed. Suit was filed to enjoin the obstructer from continuing to obstruct it. The obstructer's defense was abandonment. The Court held that the obstructer has the burden of showing abandonment by clear and convincing evidence. See also, Ayers v. Stidham 260 Ala. 390, 71 So.2d 95 (1954). That holding is consistent with the general rule that once it is shown that a road is a public highway, "the burden of showing abandonment... is upon the party who asserts that the public ... [has] lost or surrendered their rights." 2 B. Elliott & W. Elliott, The Law of Roads and Streets, § 1173 (4th ed. 1926).
The only competent evidence on the issue of abandonment was the statement in the deed from the Board of Revenue of Winston County to Bownes's predecessor in title that the "road has now been abandoned." *365 The County argued in its brief that in fact there had been no abandonment, but there is nothing in the record to disclose that the County actually presented any evidence on that issue. The question, simply put, then is this: Is the statement in the deed that the road is abandoned, standing alone, clear and convincing evidence of abandonment? I think not.
The statement that the road was abandoned is conclusory. There are no facts given to support that conclusion. A reading of the cases in this area convinces me that much more is necessary to establish that a public highway has been abandoned. Neither the fact that part of a public highway is unusable for travel, nor the fact that the county failed to keep the highway in repair, nor the fact that it forms a cul-de-sac is sufficient to show that it has been abandoned. Purvis, 260 Ala. at 378, 71 So.2d at 22, citing cases. Even the combination of facts that the road was seldom used, was in a bad state of repair, and was not maintained by public authorities was not enough to show abandonment. Ayers, supra. A casual observer of the roads involved in these cases may well conclude that the roads were abandoned, but the law requires a much stronger showing of facts in order to establish abandonment. The purpose of placing such a heavy burden on the person attempting to prove abandonment is to protect the public. "It is to be remembered, too, that the rights of the public are seldom guarded with the vigilant care with which owners of private property guard their own rights, and acts or omissions which might weigh heavily against individual owners cannot always be assigned much force against the public." Elliott & Elliott, supra, at § 1175.
I do not believe that the statement in the deed is sufficient to clearly and convincingly prove that the road was abandoned. Therefore, the judgment of the trial court should be affirmed.
MADDOX and ALMON, JJ., concur.